## HOLVERSTOT v. BUGBY et al.

WHERE no grounds or reasons are stated on motions for nonsuit and new trial, and no exceptions taken to instructions of the Court, errors cannot be assigned.

APPEAL from the Sixth District.

Action by plaintiff, as sole trader, under the Act of 1852, to recover of defendants damages for the wrongful seizure and detention of certain personal property. About eight o'clock on the morning of December 5th, 1856, plaintiff made her declaration of intention to carry on business as a sole trader. This declaration, acknowledged before a Justice of the Peace, was filed in the Recorder's office, December 29th, 1856, and published January 18th, 1857. At nine o'clock in the morning of December 5th, 1856, J. B. Wilson executed and delivered to plaintiff a bill of sale of the furniture, fixtures, liquors, etc. of a restaurant owned by him, and delivered possession of the same, which possession was retained by plaintiff until noon of that day, when defendant, Bugby, as Constable, seized them under a writ of attachment in the suit of Greenbaum & Bucki v. Wilson. Plaintiff,' however, carried on the restaurant for about two weeks, when the property was sold by Bugby.

On the trial plaintiff offered in evidence her declaration as sole trader, with the Recorder's certificate of filing, etc. indorsed; to the admission of which, defendant's counsel objected, on the ground that said declaration was recorded too late. The Court overruled the objection, and defendant excepted.

*W. S. Long*, for Appellant.

The declaration of intention to become a sole trader was not competent evidence, because it shows on its face that it was ac-

knowledged on the 5th December, 1856, recorded on the 29th December, 1856, and was not published until January 18, 1857. Under the Act (Wood's Dig. 489, 490, Sections 2, 3,) plaintiff did not become a sole trader until the 18th January, 1857, and hence was incapable of contracting with Wilson on December 5th, 1856, for the goods in the restaurant, and they still remained liable to execution at the suit of any creditor of Wilson.

*Winans,* for Respondent.

The record discloses no error, nor could the defendant avail himself of it, if error there were, because he took no material exceptions, nor did he state the grounds of his motions for non-suit and new trial.

BALDWIN, J. delivered the opinion of the Court—FIELD, J. concurring.

We are not satisfied, from the examination of this record, that there is any substantial error to the prejudice of the Appellant. But we cannot consider the errors assigned, except that as to the admission of the declaration of plaintiff as sole trader, which is not well taken.

1. No grounds or reasons were given for the nonsuit asked.

2. No grounds were given for the motion for the new trial.

3. No exceptions were taken to the instructions of the Court.

We cannot, then, look into the evidence to see if the verdict is sanctioned by the proof, or the instructions by the law. The affidavits for new trial, for newly discovered evidence, are insufficient if we could consider them.

Judgment affirmed.