[No. 7,940.—In Bank.]

JOHN RICKEY v. THE SUPERIOR COURT OF NEVADA COUNTY.

<div style="float:right">[59 661;<br>[124 471;</div>

JUSTICE'S COURT—APPEAL FROM A JUDGMENT BY DEFAULT—JURISDICTION—PROHIBITION.—Upon an appeal from a judgment by default in the Justice's Court, the Superior Court has no jurisdiction to allow the defendant to file an answer and to retry the case; and prohibition will lie to restrain its proceedings.

ID.—APPEAL FROM ORDER.—There is no appeal from an order in a Justice's Court refusing to set aside a default.

APPLICATION for writ of prohibition.

P. Van Clief, for Plaintiff.

C. W. Cross, for Defendant.

THORNTON, J.:

This is an application for a writ of prohibition. On the twenty-third of August, 1880, the petitioner, Rickey, sued Henry Fiene in the Justice's Court for Rough and Ready Township, County of Nevada, to recover two hundred and

seventy-two dollars and twenty-five cents damages, for injuries caused by the negligence of Fiene. The action was regularly commenced by complaint filed and summons issued, which was duly served on Fiene. The latter did not appear, and judgment regularly passed against him by default, for the sum of two hundred and forty dollars. Fiene moved afterwards on affidavit to set aside the default, which motion was denied. He then appealed, within the time allowed by law, to the Superior Court above mentioned, from the judgment on errors of law and fact, and from the order denying his motion to set aside the default. He filed no statement of the case.

The cause was, in November, 1880, placed on the calendar of the Superior Court of Nevada County for trial on the sixteenth of May, 1881. When the cause was called for trial, the petitioner moved to dismiss the appeal, which was denied, and the Court gave leave to Fiene to file an answer. On the twenty-sixth of May, 1881, Fiene filed his answer, and on the sixth of June, 1881, the cause was, by order of the Court, set down for trial on the twenty-ninth of July, 1881.

The applicant states that the Court will proceed to try the cause unless restrained by a writ of prohibition from this Court. The writ of prohibition arrests the proceedings of a tribunal, corporation, board, or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person. (C. C. P., § 1102.) It may be issued by this Court to a Superior Court in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. (C. C. P., § 1103.)

In this case there was nothing for the Superior Court to try. Such was the decision of the highest Court of this State in the *People* v. *County Court of El Dorado County* (10 Cal. 19), approved in *Funkenstein* v. *Elgutter* (11 id. 328). The reasoning in those cases applies here. It is unnecessary to repeat here what was there said. The rulings in those cases meet our approval.

There is no appeal from an order of a justice's Court refusing to set aside a default.

The writ must be issued as prayed for, and it is so ordered.

Sharpstein, J., Morrison, C. J., and Myrick, J., concurred.