[L. A. No. 382. In Bank.—May 24, 1899.]

B. A. MAXSON and D. B. HARRIS, Petitioners, v. SUPERIOR COURT OF MADERA COUNTY, Respondent.

JUSTICE'S COURT—RULING UPON DEMURRER—APPEAL UPON QUESTIONS OF LAW—REVERSAL, WITH LEAVE TO AMEND.—Upon appeal to the superior court from the judgment of a justice's court upon questions of law alone, where there has been no trial of issues of fact, but the ruling of the justice's court upon demurrer to the complaint is held erroneous, the superior court, upon reversing the judgment, cannot try the case; but the reversal does not have the effect to dismiss the action, and the superior court may remand the cause, with directions to the justice's court to overrule the demurrer, with leave to the plaintiff to amend, if so advised.

ID.—RECORD UPON APPEAL—JURISDICTION TO TRY CAUSE.—Where an appeal is taken to the superior court upon questions of law and fact, the entire record of the cause in the justice's court must be sent up to the superior court, and it has jurisdiction to try the cause anew; but where the appeal is upon questions of law alone, the appeal goes up upon a statement of the case, unless the error is shown upon the face of the docket, or copies of the papers required to be sent up, and the justice is not required to send up the entire record, and, in such case, the superior court can merely pass upon the questions of law presented, and has no jurisdiction to try and determine the whole cause.

ID.—APPELLATE POWER—REMAND OF CAUSE, WITH DIRECTIONS.—The superior court, by virtue of its appellate power, has jurisdiction upon reversal of a judgment of the justice's court appealed to it upon questions of law alone, to make its judgment of reversal effectual, by remanding the cause to the justice's court for further proceedings according to its directions; and it may control and direct the subsequent action of the justice's court.

ID.—CERTIFIED COPY OF JUDGMENT UPON APPEAL.—A certified copy of the judgment of the superior court rendered upon such appeal, including its directions to the justice's court, is sufficient for the transmission of the judgment of the superior court to the justice's court.

CERTIORARI in the Supreme Court to review an order of the Superior Court of Madera County remanding a cause appealed to it from a Justice's Court.  W. M. Conley, Judge.

The facts are stated in the opinion of the court.

W. H. Larew, for Petitioners.

Francis A. Fee, for Respondent.

McFARLAND, J.—Petition for writ of *certiorari.*  One Roberts brought an action against the petitioners herein, Maxson and Harris, in the justice's court; the petitioners, as defendants in said action, demurred to the complaint; the demurrer was overruled and judgment entered for plaintiff, and the petitioners appealed from the judgment of the superior court "on questions of law alone."  Upon the hearing of the appeal, the superior court ordered "that the judgment of the lower court be and the same is hereby reversed, with directions to the said lower court to sustain the demurrer of the defendants to the complaint of the plaintiff, with leave to the said plaintiff to amend his complaint if so advised."  In the present proceeding in this court the petitioners seek to have said order reviewed, and to have annulled all that portion of the order after the word "reversed," upon the ground that the superior court had no jurisdiction to make any of the latter part of said order.

The provisions of the code touching procedure on appeals from the justice's court to the superior court in civil cases, where the appeal is taken "on questions of law" alone, are very brief and meager, and it is not surprising that decisions as to the power of the superior court on such appeals are not entirely harmonious.  Where the appeal is taken "on questions of fact" or "on questions of both law and fact," the procedure seems to be plain.  In that case no statement is required, "but the action must be tried anew in the superior court" (Code Civ. Proc., sec. 976), and the justice is required to transfer to the superior court certified copies of "his docket, the pleadings, all notices, motions, and other papers filed in the cause, the notice of appeal, and the undertaking filed." (Code Civ. Proc., sec. 977.)  On such appeal, therefore, the entire cause is transferred to the superior court, and thereafter the latter court has exclusive jurisdiction

and its judgment is final. There is, no doubt, some reason for the suggestion that the legislature intended this to be the result in all appeals, and that on an appeal on questions of law alone the cause should be considered as in the superior court for all purposes, and if the trial of issues of fact should be found necessary it should be had in the superior court. The legislature might have so provided, and as the superior court is also a trial court, and as on an appeal after a trial of the issues of fact in the justice's court the case must in the end be finally tried in the superior court, it probably would have been a wise course and would have prevented much delay and expense if the superior court had been given entire and final jurisdiction of the case, no matter how it had been brought into that tribunal. But the language of the code and former decisions of this court preclude us from holding that such procedure has been provided. The decisions of this court to the point that an appeal transfers the whole cause finally to the superior court will be found, with perhaps one or two exceptions, to have been made in cases where the appeal was upon questions of "both law and fact." Such was the fact in the main case cited of *Bullard v. McArdle*, 98 Cal. 355, 35 Am. St. Rep. 176, where the court say: "When the effect of an appeal is to transfer the entire record to an appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case where appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and is not further available for any purpose." Such was also the fact in *Rossi v. Superior Court*, 114 Cal. 371.

When an appeal is taken on questions of law alone the appeal goes to the superior court upon "a statement of the case" (Code Civ. Proc., sec. 975)—except, perhaps, that a statement is not necessary where the justice's docket, or copies of papers required to be sent up by him, show upon their face the errors complained of. (*Southern Pac. R. R. Co. v. Superior Court*, 59 Cal. 471.) And section 980 provides as follows: "Upon an appeal heard upon a statement of the case"—which of course means an appeal upon questions of law alone—"the superior court may review all orders affecting the judgment appealed from, and may set aside, or affirm, or modify any or all of the proceed-

ings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial. When the action is tried anew upon appeal, the trial must be conducted in all respects as other trials in the superior court." This provision might have been for "a trial" when the same was deemed necessary; but it is for a "new trial," and that when the action is tried "anew" it must be in the superior court, and this court has held many times that a new trial being a re-examination of an issue of fact, there can be no new trial of the cause in the superior court on appeal, unless there has been a trial of issues of fact in the justice's court. (*Southern Pac. R. R. Co. v. Superior Court, supra; People v. County Court*, 10 Cal. 19; *Funkenstein v. Elgutter*, 11 Cal. 328; *Rickey v. Superior Court*, 59 Cal. 661; *Myrick v. Superior Court*, 68 Cal. 98.) Moreover, upon an appeal on questions of law alone the justice is not required to send to the appellant court anything more than "a certified copy of his docket, the statement as admitted or as settled, the notice of appeal, and the undertaking filed." There is no provision for sending to the appellate court the pleadings or other papers in the case, without which the superior court would not have before it matters essential to a general trial and determination of the case. We think it clear, therefore, that upon an appeal on questions of law alone, like the one here under review, the superior court can merely pass upon the questions brought before it on the appeal, and has no jurisdiction to try and determine the whole cause as if it had been transferred to that court upon an appeal upon questions of both law and fact.

It is not the law, however, as claimed by petitioners, that after a judgment of reversal in the superior court, in a case like the one here involved, the case is no longer pending in the justice's court, that the judgment of reversal is a dismissal of the action, and that there can be no further proceeding in it in either court. Under such a view, if a plaintiff should appeal from a judgment against him founded upon an erroneous view of the law—as where a demurrer to the complaint was erroneously sustained in the justice's court—the only effect of his appeal, although the superior court should hold his complaint to be good, would be a dismissal of his action. Such a defeat

of justice is not to be tolerated, unless there is no permissible construction of the law by which it can be avoided; and we think that a proper construction of the code and the constitution leads to the conclusion that in this case the superior court had jurisdiction to correct the errors of the justice's court and to direct further proceedings in the latter court.

There are three decisions of this court somewhat in point. In *Myrick v. Superior Court, supra,* the action of the superior court on an appeal from a justice's court was reviewed on *certiorari.* In the justice's court a motion of defendant to dismiss the action had been granted, and judgment in his favor rendered for costs, and the plaintiff had appealed. The superior court tried the whole case and gave judgment for plaintiff. This court, in Bank, annulled the judgment upon the ground that there could be no trial of issues of fact in the superior court because there had been none in the justice's court, and in its opinion, said: "The superior court should have reversed that judgment and sent the case back for trial on the issues tendered by the pleadings." This, of course, was a clear declaration of the power of the superior court to remand a cause; but there is some ground for the contention that it should not be received as direct authority on the point because the language quoted was not necessary to the decision. In *Larue v. Gaskins,* 5 Cal. 508, the justice's court had erroneously transferred a forcible entry case to the district court, and the latter court had tried the case and rendered judgment against defendant, and this court reversed the judgment "with instructions to remit the case to the justice," and held that the illegal transfer did not defeat plaintiff's rights "by operating a discontinuance"; but, although the case seems to be in point, the report of it is so meager that it cannot be very surely relied on as an authority. In *Brown v. Superior Court,* 72 Cal. 14, the demurrer of the defendant in a criminal prosecution in the justice's court to the complaint was sustained, and the people appealed. Afterward, the defendant appeared in the superior court and confessed error, and asked that the cause be remanded to the justice's court to be there tried upon a plea of not guilty which had been therein made. The court refused to remand, and ordered the defendant to plead in that court, and

was about to proceed to try the case.   This court issued a final writ of prohibition, and said: "In the case at bar, the respondent should have remanded the action to the court below, with instructions to overrule the demurrer, but it has no jurisdiction to itself try the cause as it proposes to do."   But this was a criminal case, and in the Penal Code the procedure on such an appeal is, no doubt, as shown in the opinion in that case, more fully stated than in the Code of Civil Procedure.   However, some of the remarks of the court in that case as to the relations between the justice's court and the superior court in matters of appeal are applicable here.

If, however, the authorities above cited cannot be considered as definitely determining the point, still we think that, upon principle, the statements of the law therein made are correct. The main objection to the jurisdiction of the superior court to remand a cause to the justice's court is founded upon the suggestion that the code does not provide machinery adequate to that purpose.   But where in the same judicial system there is the relation of a subordinate and appellate court, the latter in all cases where it has appellate jurisdiction necessarily has the power to make such orders and render such judgments as are requisite to enforce its appellate power.   The authority which confers its appellate jurisdiction might limit it as to the mode of exercising that jurisdiction; but where there is no such limitation it may use ordinary and necessary methods to enforce compliance with its mandates.   The constitution provides that superior courts shall have appellate jurisdiction "in such cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law"; and there is no doubt that the case involved here is one of the cases over which jurisdiction was given to the superior court by the legislature. Section 980 of the Code of Civil Procedure says:   That upon an appeal on questions of law alone "the superior court may review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify any and all other proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial."   This language confers upon the superior court plenary appellate jurisdiction, and there are no

other provisions which limit it in the exercise of that jurisdiction. In Elliott on Appellate Procedure, paragraph 20, the author says: "It is not to be understood that an express statutory provision is required to confer upon an appellate tribunal authority to exercise auxiliary authority in aid of its appellant power, although such auxiliary authority may be in its nature original, for all courts in the rank of appellate courts proper have such general powers as are necessary to enable them to effectually exercise the jurisdiction conferred upon them." And in paragraph 21 the author says: "The general authority to review and revise necessarily includes the right to enforce the writ and administer justice. In the exercise of its authority an appellate tribunal may so mold its judgments as to secure the proper relief to the parties entitled to it. The fact that a question may be presented in a particular mode does not always restrict the appellate court to a particular course; for it may, upon an inspection of the whole record, pronounce such judgment as will secure justice to the parties." And in paragraph 22 he says: "The grant of appellate jurisdiction, whether made by the constitution or by statute, necessarily vests in the tribunal designated all powers of an incidental nature that are required to make the grant of jurisdiction effective. Upon this principle it is held that in every appellate tribunal resides the power to coerce obedience to its orders, writs, and mandates." In *Piqua Bank v. Knoup*, 6 Ohio St. 342, Bartley, C. J., says: "Appellate jurisdiction is the cognizance which a superior court takes of a case removed to it by appeal or writ of error from the decision of an inferior tribunal. The power of the appellate court necessarily includes the power not only to reverse a judgment, but also to control and direct the subsequent action of the subordinate court." The foregoing quotations are fully supported by the general authorities, and, for the purposes of this case, the principle is sufficiently declared in section 187 of the Code of Civil Procedure. We are therefore of the opinion that under the code a superior court on an appeal such as the one here under review has jurisdiction to review the rulings of a justice's court and to remand a cause with directions to the lower court to proceed in accordance with the decision of the appellate court.

A certified copy of the judgment of the superior court affords sufficient machinery for the transmission of the judgment of the higher court to the lower court, and it is not necessary to consider whether or not the superior court could frame a more direct process, or transmit its directions in any other form. It is suggested that great delay might be occasioned if after a trial on issues of fact in the justice's court an appeal might be taken on questions of law alone, which would simply present to the superior court alleged errors of the justice's court in ruling upon the admissibility of evidence and other alleged errors occurring during the trial. It has been determined, however, in a number of cases, that an appellant cannot always control the character of the appeal by the mere form of his notice of appeal, and perhaps the superior court might have power to say that after a trial of issues of fact in the justice's court an appeal should not be allowed upon mere questions of law; but if such delays and embarrassments are imminent, the remedy is with the legislature.

The order sought to be reviewed in this proceeding is affirmed, and the proceeding is dismissed.

Temple, J., Henshaw, J., Garoutte, J., Van Dyke, J., Harrison, J., and Beatty, C. J., concurred.