[Civ. No. 140.  Third Appellate District.—December 21, 1905.]

## J. C. SMITH, Petitioner, v. SUPERIOR COURT OF NAPA COUNTY, Respondent.

Appeal from Justice's Judgment of Nonsuit—Question of Law and Fact—Reversal—New Trial in Justice's Court.—An appeal from a judgment of a justice's court granting a nonsuit, though taken on questions both of law and fact, presents a question of law only; and there having been no trial upon the merits in that court, the superior court, upon reversal, properly refused to grant a trial *de novo* therein and remanded the case for new trial in the justice's court.

Id.—Statement of Case—Jurisdiction to Determine Nature of Appeal—Certiorari.—Where the appeal was heard upon a statement of the case, the superior court had jurisdiction to determine the nature of the appeal; and *certiorari* will not lie to review the conclusion reached.

Id.—Maxim—Order Granting "New Trial."—The law respects form less than substance; and the fact that the order of the superior court used the words "new trial" in remanding the cause to the justice's court can neither rob the order of its vitality nor the superior court of its jurisdiction.

PETITION for writ of *certiorari* to review a judgment of the Superior Court of Napa County, rendered upon appeal from a justice's court.  H. G. Gesford, Judge.

The facts are stated in the opinion of the court.

C. N. Riggins, for Petitioner.

W. F. Henning, for Respondent.

McLAUGHLIN, J.—The petitioner was plaintiff in an action brought in the justice's court.  When said plaintiff had rested his case, the justice granted defendant's motion to dismiss the action on the ground that plaintiff had failed to prove the cause of action stated in the complaint.  Within ten days thereafter the petitioner prepared and filed a statement of the case.  Amendments thereto were proposed by defendant, and in due time the statement was settled and allowed, and the record on appeal from the judgment

of dismissal was filed in the superior court. The notice of appeal recited that the appeal was taken on questions of both law and fact. When the case was called in the superior court petitioner's motion to have the cause set for trial was denied, and thereafter an order was entered reversing the judgment of dismissal, and remanding the cause for a new trial in the justice's court. This order recites that the appeal was on questions of law, that it was heard on a statement of the case, and argued and submitted to the court upon questions of law.

Petitioner contends that he was and is entitled to a trial *de novo* in the superior court, and hence that such court was without jurisdiction to make the order remanding the cause. It is argued that the appeal, under the notice given, must be treated as taken on questions of both law and fact, and that even if it be considered as taken on questions of both law and fact, or on questions of law alone, petitioner was entitled as a matter of absolute right to a trial in the appellate court. It is said that under sections 976 and 980 of the Code of Civil Procedure, a new trial in the appellate tribunal is inevitable, whether the appeal be taken on questions of both law and fact, or on questions of law alone. If this question was open, we might, perchance, be inclined to adopt the construction placed upon section 908 of the Code of Civil Procedure by counsel for petitioner. But it has been held repeatedly that if an appeal to a superior court is based on questions of law alone, the proper procedure is to remand the cause for trial in the justice's court, and we are not at liberty to depart from a rule of practice so firmly established. (*Southern Pacific R. R. Co.* v. *Superior Court,* 59 Cal. 471; *Myrick* v. *Superior Court,* 68 Cal. 100, [8 Pac. 648] ; *Fabretti* v. *Superior Court,* 77 Cal. 306, [19 Pac. 481] ; *Maxson* v. *Superior Court,* 124 Cal. 470, [57 Pac. 379].) It must also be considered as settled that the notice of appeal is not conclusive as to the nature or character of the appeal. (*Maxson* v. *Superior Court,* 124 Cal. 475, [57 Pac. 379] ; *Myrick* v. *Superior Court, supra; Rickey* v. *Superior Court,* 59 Cal. 662; Spelling on New Trial, sec. 749.) The motion to dismiss in the justice's court was, in effect, a motion for a nonsuit, and ''the question presented on a motion for a

nonsuit is a question of law." (*Donahue* v. *Gallavan*, 43 Cal. 576; *Cravens* v. *Dewey*, 13 Cal. 43; *Fogel* v. *Schmalz*, 92 Cal. 413, [28 Pac. 444]; *Warner* v. *Darrow*, 91 Cal. 309, [27 Pac. 737]; *Toulouse* v. *Pare*, 103 Cal. 251, [37 Pac. 146]; *Craig* v. *Hesperia L. Co.*, 107 Cal. 675, [40 Pac. 1057]; Spelling on New Trial, secs. 332, 333.)

This being true, the petitioner could not change the nature of the appeal by the mere recital that it involved questions of both law and fact. True, a motion for a nonsuit always involves the legal effect of certain admitted facts, but so does a demurrer to a pleading, and it has been held that an appeal from a judgment on demurrer is an appeal on a question of law alone. (*Maxson* v. *Superior Court, supra.*) It is said that the justice's court had no jurisdiction to dismiss the action on the ground that the evidence introduced by plaintiff was insufficient to sustain the averments of the complaint, and sections 925 and 890 of the Code of Civil Procedure are cited to support this view. Conceding, without deciding, that the justice's court had no such authority, still the question involved and presented to the superior court for review would be one of law, pure and simple. When a case has been tried on the merits, and a final judgment has been rendered in the justice's court, an appeal on questions of law and fact will compel a trial *de novo* in the superior court. But where a justice of the peace determines as matter of law that facts adduced by plaintiff are insufficient, and a nonsuit is granted, there has been no trial on the merits. In such event, the facts have not been determined, nor have the merits been passed upon, and the judgment is not a bar to an action subsequently brought upon the same cause of action. (*Merritt* v. *Campbell*, 47 Cal. 545; *Pyle* v. *Piercy*, 122 Cal. 385, [55 Pac. 141]; *Hibernia* v. *Portener*, 139 Cal. 93, [72 Pac. 716].)

When a justice of the peace has not passed upon the issues of fact as tendered, he cannot through a mistaken opinion of law force the appellate tribunal to do so. "He must first proceed to do what the law requires of him, then, if his judgment upon issues of fact be appealed from, a new trial of them can be had in the manner declared by law to be appropriate. . . . It could not have been contemplated by those who framed and passed the statute which controls

this case, that an action which was within the jurisdiction of a justice of the peace could be tried on issues of fact in the superior court, which had never been passed upon by the lower tribunal." (*Myrick* v. *Superior Court, supra.*) The appeal in the case at bar was heard upon a statement of the case. The error relied upon for reversal could not otherwise be reviewed, and we think the superior court properly remanded the cause for a trial of issues tendered and a determination of the questions of fact involved.

There is another reason why the relief here sought must be denied. The record on appeal contained a statement of the case, and hence the superior court was necessarily called upon to determine the nature of the appeal. Its jurisdiction to decide that question being conceded, *certiorari* will not lie to review the conclusion reached. Such writ cannot be converted into a writ of error merely because there is no appeal. "It may not be used to correct errors or irregularities within the jurisdiction of the inferior tribunal. It is too well settled to require the citation of authorities that the writ of review runs to inferior tribunals, boards, or officers exercising judicial functions solely to correct errors in excess of jurisdiction, or, in other words, to confine such tribunals and officers exercising judicial functions to their proper jurisdiction." (*Borchard* v. *Supervisors,* 144 Cal. 14, [77 Pac. 708]; *Valentine* v. *Police Court,* 141 Cal. 617, [75 Pac. 336]; *Wittman* v. *Police Court,* 145 Cal. 474, [78 Pac. 1052].) The order recites that the appeal was on questions of law, that it was heard, argued and submitted for decision upon such questions, and, under the circumstances shown by the record this court must be and is entirely satisfied with the conclusion thus voiced. Great stress is laid upon the words "new trial" found in said order, but "the law respects form less than substance," and the mere use of the word "new" can neither rob the order of vitality nor the court of jurisdiction.

The writ is denied.

Chipman, P. J., and Buckles, J., concurred.