Points Decided.

(August 3, 1908.)

# J. ED. SMITH, Respondent, *v.* D. H. CLYNE, Appellant.

## [97 Pac. 40.]

APPEAL FROM PROBATE OR JUSTICE'S COURT TO THE DISTRICT COURT—
JURISDICTION AND PROCEDURE IN DISTRICT COURT.

1. In a civil action commenced in the probate or justice's court, in which the defendant appears and files a demurrer or presents any other issue of law, it is the duty of such probate or justice's court to hear and determine the issue thus presented.

2. Under Rev. Stat., sec. 4838, any party dissatisfied with a judgment in a civil action in a probate or justice's court, may appeal therefrom to the district court of the county, and it matters not whether such judgment was upon the merits, or upon questions of law, or for want of an answer. If it was a final judgment terminating the controversy in said court, an appeal may be taken therefrom.

3. Upon an appeal being taken to the district court upon questions of law alone, the district court should docket said case and dispose of the same according to the issues presented by such appeal.

4. Where a notice of appeal states that the appeal is taken upon both questions of law and fact, and it appears that no questions of fact were presented or tried in the lower court, the appeal will be treated as upon questions of law alone, as the appellant cannot change or alter the nature of the appeal or the questions to be determined on appeal by any statement contained in the notice of appeal.

5. When an appeal is taken to the district court from the probate or justice's court upon questions of law alone, and the respondent moves to dismiss the appeal, the district court will not consider or determine the sufficiency of the complaint, on such motion.

6. When an appeal is taken from the probate or justice's court to the district court upon questions of law alone, and no issue of fact was presented in the lower court, the district court has jurisdiction only to review the issues of law presented by the appeal, and if the district court reverses the probate or justice's court a re-trial in the district court cannot be ordered, as the cause must be remanded to the lower court for further proceedings.

7. When the probate or justice's court has not passed upon an issue of fact it cannot, through a mistaken opinion of the law,

force the district court to do so, as the probate or justice's court must first proceed to do what the law requires it to do, and that is, try and determine the issues made in such court.

8. A new trial, as contemplated by Rev. Stat., sec. 4844, implies that the cause has been once tried, and, if there was no issue of fact and no trial of the same in the lower court, there can be no new trial of such issue in the district court, on appeal.

9. If, however, an issue of fact was tendered in the probate or justice's court and the appeal is taken upon questions of law alone, and the district court reverses the lower court upon such questions of law, then the necessity and propriety contemplated by the statute arises and the district court may order a new trial in said court, unless the issues of law dispose of the case and finally determine the controversy.

10. Upon reversing an appeal from the probate or justice's court upon questions of law alone, where no issue of fact has been presented in the lower court, the district court should remand the cause with instructions to such lower court to proceed in accordance with the decision and judgment of the district court.

11. Sec. 4839, Rev. Stat., provides that, when questions of law arise upon the pleadings or files in the action or appear from the docket of the court, no statement is required; and, where an appeal is taken upon questions of law alone, the appellant may present such questions as arise upon the pleadings or files in the action or appear from the docket of the court.

12. Where an appeal to the district court from the probate or justice's court is taken in the manner provided by law, it is the duty of the district court to hear and try such questions of law as arise upon the pleadings or files in the action or as appear from the docket of the court, even though no statement of the case is presented.

13. Sec. 3925, Rev. Stat., provides that when jurisdiction is, by the statute, conferred on a court, all the means necessary to carry it into effect are also given, and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by the statute, any suitable process or mode of procedure may be adopted which may appear most conformable to the spirit of the law.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

An action to recover a money judgment in the probate court on appeal to the district court. Appeal dismissed. *Reversed.*

Clark & Budge, for Appellant.

Even if notice of appeal is not as full in all particulars as it might be, this court, in accordance with the general practice, has applied liberal rules of construction in the consideration of notices of appeal. (*Idaho Co. M. & M. Co. v. Lundstrum*, 9 Ida. 257, 74 Pac. 975; *Taylor v. McCormick*, 7 Ida. 524; 64 Pac. 239; Spelling's New Trial and Appeal, sec. 534.)

The only questions of law which might be presented on appeal to the district court in this case arose upon the "pleadings and files in the action," and under sec. 4839, Rev. Stat., in such case no statement is required. (*Southern Pac. R. R. Co. v. Superior Court*, 59 Cal. 471; *Rossi v. Superior Court*, 114 Cal. 371, 46 Pac. 177.)

If judgment was entered by the probate court without passing upon motion to strike and demurrer, appellant had the right, as a matter of law, to have the judgment reversed and the lower court directed to pass upon said motion and demurrer. (*Maxson v. Superior Court*, 124 Cal. 468, 57 Pac. 379.)

Though there was no trial in the probate court, and even though we assume that we were in default in that court, still a notice of appeal on "questions of both law and fact" is effective as an appeal on questions of law alone. (*Fabretti v. Superior Court*, 77 Cal. 305, 19 Pac. 481; *Myrick v. Superior Court*, 68 Cal. 98, 8 Pac. 648; *Smith v. Superior Court*, 2 Cal. App. 529, 84 Pac. 54.)

Without deciding whether an appeal such as was taken in this case was an appeal on questions of law alone, or on questions of both law and fact, it is held in the case cited below that the party appealing was entitled to a new trial in the district court. (*Wimsey v. McAdams*, 12 S. D. 509, 81 N. W. 884.)

J. Ed. Smith, for Respondent.

The district court was not bound by the notice of appeal alone to determine what kind of an appeal had been taken

from the probate court, but finding no statement nor answer on file and no prejudicial error in the docket entries, that the complaint stated the cause of action in which the judgment was rendered, and that the fact part of the notice was surplusage, it considered that the appeal should be dismissed, as there was no issue of fact to try, or retry, and it had no appellate jurisdiction. No new trial can be had in the appellate court, unless there has been a trial of issues of fact in the lower court. (*Maxson v. Superior Court,* 124 Cal. 468, 57 Pac. 379; *Funkenstein v. Elgutter,* 11 Cal. 328; *Southern Pac. R. R. Co. v. Superior Court,* 59 Cal. 471; *Rickey v. Superior Court,* 59 Cal. 661; *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648; *People ex rel. Houston v. Hunt,* 1 Ida. 433; *McCoy v. Oldham,* 1 Ida. 465; *Lamkin v. Sterling,* 1 Ida. 120; *Gamble v. Dunwell,* 1 Ida. 268; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Hyde v. Harkness,* 1 Ida. 638; *Graham v. Linehan,* 1 Ida. 780; *Vermont Loan and Trust Co. v. McGregor,* 5 Ida. 320, 51 Pac. 102; *Bunnell & Eno Investment Co. v. Curtis,* 5 Ida. 652, 51 Pac. 767; *Guthrie v. Phelan,* 2 Ida. 95, 6 Pac. 107; *Toulouse v. Burkett,* 2 Ida. 288, 13 Pac. 172; *Territory v. Evans,* 2 Ida. 425, 17 Pac. 139.)

STEWART, J.—This action was commenced in the probate court of Bingham county, Idaho. The complaint was filed September 30, 1907; summons issued on the same date. On October 16th, the defendants appeared by their attorneys and filed a motion to strike out certain portions of the plaintiff's complaint, and at the same time filed a demurrer to the complaint. On October 22d a default was entered against the defendant, D. H. Clyne, for want of an answer. Thereafter proofs were offered and judgment rendered for plaintiff. On October 30th said motion was overruled. An appeal was taken from the judgment to the district court upon questions of both law and fact. In the district court counsel for respondent moved to dismiss the appeal upon the following grounds:

1st. That no answer has ever been filed in said cause, and no issue has ever been joined therein;

2d. That said appeal is taken on questions of law and fact, and that no proper notice of appeal has ever been filed or served;

3d. That the said judgment herein attempted to be appealed from was taken after the default of the said defendants, D. H. Clyne and D. E. Wood, had been duly entered in the premises in the probate court of Bingham county, state of Idaho, and is a final judgment;

4th. That there is no question of law to be presented to this court, nor can there be upon said appeal;

5th. That said appeal is frivolous and of no avail, and is taken for the purpose of delay and for no other purpose.

This motion was sustained by the district court, and a judgment entered therein dismissing said appeal. From this judgment this appeal is taken.

The appellant specifies as error, first, that the judgment of the district court is not supported by the records and files in the action upon which the same is based; second, that said decision is against law. The sole question presented by this appeal relates to the procedure and jurisdiction of the district court upon appeal from the probate court on questions of law alone.

It appears in this case that the defendants filed no answer or tendered any issue of fact in the probate court; that the only issues presented were issues of law.

Sec. 4711, Rev. Stat., provides: "Issues arise upon the pleadings when a fact or conclusion of law is maintained by the one party and is controverted by the other. They are of two kinds: 1. Of law; and 2. Of fact."

Sec. 4712 provides: "An issue of law arises upon a demurrer to the complaint or answer, or to some part thereof."

In this case the defendants did appear and file a demurrer and motion to the complaint, and thus presented an issue of law. It was the duty, therefore, of the probate court to have disposed of the motion and demurrer. The record in this case does not show what disposition was made of either the motion or the demurrer. If it is contended that the docket entry of the justice, to the effect that the de-

fendants were in default, implied that the demurrer and motion had been overruled and judgment was rendered for want of an answer, still, this fact would not preclude the defendants from appealing from such judgment.

Sec. 4838 provides: ''Any party dissatisfied with a judgment rendered in a civil action in a probate or justice's court may appeal therefrom to the district court of the county.''

This section gives the right of appeal from any judgment, whether in a contested case or upon default for want of an answer. In this case, then, the defendants had a right to appeal from the judgment, even though it was a default judgment, and the appeal being taken in accordance with the provisions of the statute, it should have been docketed in the district court for disposition according to the issues presented by the files and the justice's docket. In this case, such issues were issues of law arising out of the files and as shown by the justice's record. Upon these issues, whatever they were, the appellants were entitled to a hearing.

The notice of appeal from the probate court to the district court stated that the appeal was upon questions of both law and fact. While the notice of appeal states that the appeal is taken upon questions of both law and fact, yet the record discloses that no issue of fact was tendered in the lower court. The appeal, therefore, can only be considered as an appeal upon questions of law. The mere fact that the notice of appeal stated that the appeal was taken upon questions of both law and fact could not change or alter the nature of the appeal or the questions to be determined in the district court upon such appeal. (*Smith v. Superior Court Napa County*, 2 Cal. App. 529, 84 Pac. 54.)

Counsel for respondent contends that upon a motion to dismiss the appeal, the district court can determine the sufficiency of the complaint to authorize the judgment rendered in the justice's court. This contention is erroneous. On the motion to dismiss the appeal, the only questions to be considered are: Is the judgment or the order appealable?

Has the appellant the right to appeal, and was the appeal taken in accordance with law?

It is argued, however, upon the part of the respondent that, inasmuch as no issue of fact was presented to the probate court, therefore no issue of fact can be presented in the district court, and, as the cause must be retained in the district court for a new trial only upon the issues of fact presented in the justice's court, that it was immaterial what ruling the district court made upon the issues of law presented, and for that reason it committed no error in dismissing the appeal.

This is the important and controlling question in this case; that is, whether, when an appeal is taken from the probate or justice's court to the district court upon questions of law alone, and the district court sustains the appeal upon such questions, the case is to be retained in the district court and a new trial ordered therein, or whether said cause shall be remanded to the probate or justice's court for further proceedings, in accordance with the decision of the district court.

Sec. 4844 provides: "Upon an appeal on questions of law alone, the district court may review all orders affecting the judgment appealed from, and may set aside, or confirm or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial in the district court."

Eliminating that portion of this section which relates to the power of the district court to "set aside or confirm or modify any or all of the proceedings subsequent to and dependent upon the judgment," and reading the section with reference to the jurisdiction of the court to review all orders affecting the judgment, it would read: "Upon an appeal on questions of law alone, the district court may review all orders affecting the judgment appealed from, . . . . and may, if necessary or proper, order a new trial in the district court."

Under this statute the district court is authorized to review all orders affecting the judgment appealed from, and,

if necessary or proper, order a new trial in the district court. The jurisdiction of the district court to order a new trial in such court is limited to cases in which it is necessary or proper. To order a new trial implies that there has once been a trial of such issues. If there were no issues of fact presented in the lower court and no trial, then it would not be necessary or proper for the district court to grant a new trial.

When an appeal is taken upon questions of law alone, and no issue of fact was tendered in the lower court, the district court has jurisdiction only to review the issues of law presented by the appeal, and, if the district court reverses the probate or justice's court, a re-trial in the district court cannot be ordered because no trial was had in the lower court. The cause must be remanded to the lower court for further proceedings. When the lower court has not passed upon an issue of fact it cannot, through a mistaken opinion of the law, force the appellate court to do so. The lower court must first proceed to do what the law requires it to do; that is, try and determine the issues made in such court.

It is not contemplated by the statute that an action within the jurisdiction of the probate or justice's court should be tried upon issues of fact in the district court which were not tried and determined in the lower court. (*Myrick v. Superior Court,* 68 Cal. 100, 8 Pac. 648.) In the case of *Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825, this court held that a defendant had no right to appeal to the district court, and there, for the first time, make answer and raise an issue of fact. "A trial *de novo* implies the trying anew of an issue that has been previously tried."

If, however, an issue of fact was tendered in the probate or justice's court, and the appeal is taken upon questions of law alone, and the district court reverses the lower court upon such questions of law, then the necessity and propriety contemplated by the statute arise, and the district court may order a new trial in said court, unless the issues of law dispose of the case and finally determine the controversy. This question has been before the supreme court of

the state of California in many cases under a statute very similar to that of this state. In the case of *Maxson v. Superior Court,* 124 Cal. 468, 57 Pac. 379, the supreme court of that state reviews the authorities and holds:

"This provision might have been for 'a trial' when the same was deemed necessary; but it is for a 'new trial,' and that when the action is tried 'anew' it must be in the superior court, and this court has held many times that a new trial being a re-examination of an issue of fact, there can be no new trial of the cause in the superior court on appeal, unless there has been a trial of issues of fact in the justice's court. (*Southern Pac. R. R. Co. v. Superior Court, supra; People v. El Dorado County Court,* 10 Cal. 19; *Funkenstein v. Elgutter,* 11 Cal. 328; *Rickey v. Superior Court,* 59 Cal. 661; *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648.) Moreover, upon an appeal on questions of law alone the justice is not required to send to the appellate court anything more than 'a certified copy of his docket, the statement as admitted or as settled, the notice of appeal, and the undertaking filed.' There is no provision for sending to the appellate court the pleadings or other papers in the case, without which the superior court would not have before it matters essential to a general trial and determination of the case.

"We think it clear, therefore, that upon an appeal on questions of law alone, like the one here under review, the superior court can merely pass upon the questions brought before it on the appeal, and has no jurisdiction to try and determine the whole cause as if it had been transferred to that court upon an appeal upon questions of both law and fact."

This opinion does not reverse or modify the rule announced in *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188. In that case an issue of fact was tendered in the probate court, and this court held on appeal to the district court on questions of law alone, that the district court had jurisdiction to order a new trial in that court, but there is nothing in that opinion which intimates that the district court has jurisdiction to order a new trial in that court, when an appeal is taken upon ques-

tions of law alone and no issue of fact tendered or determined in the lower court.

It may be argued, however, that the statute does not provide for remanding a cause to the probate or justice's court upon reversing said court upon questions of law. This question has also been considered by the supreme court of the state of California in *Maxson v. Superior Court, supra,* in which case that court holds in effect that, "where, under the constitution appellate jurisdiction is given to a court to review orders affecting the judgment appealed from," etc., that such language conferred upon the appellate court plenary appellate jurisdiction, which is not limited by any other provision of the statute, and, quoting from other authorities, the court holds that the appellate power includes not only the power to reverse a judgment, but also to control and direct the subsequent action of the subordinate court, and under the statute the jurisdiction to review the rulings of the justice's court includes the jurisdiction to remand a cause, with directions to the lower court to proceed in accordance with the decision of the appellate court.

Rev. Stat., sec. 3925, provides: "When jurisdiction is, by this code or by any other statute, conferred on a court or judicial officer, all the means *necessary* to carry it into effect are also given; and, in the exercise of the jurisdiction, if the course of proceedings be not specially pointed out by this code, *or the statute,* any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

Art. 5, sec. 20, of the constitution confers upon the district courts appellate jurisdiction, and the statute provides that the district court may review all orders affecting the judgment appealed from on appeal on questions of law alone, and sec. 3925 empowers the court having jurisdiction to adopt such means as may be necessary to carry into effect such appellate jurisdiction. Under the constitution and the statute, we are clearly of the opinion that the district court, upon reversing the appeal from the probate or justice's court on questions of law alone, where no issue of fact has

been tendered in the lower court, should remand the cause with instructions to proceed in accordance with the decision and judgment of the district court. This view is the only one which will harmonize the various provisions of the statute and the constitution. We therefore hold in this case that where an issue of fact has not been tendered in the probate or justice's court, and the appeal is taken upon questions of law alone, the district court should hear and determine such questions of law, and if the lower court is sustained, the case is finally terminated. If, however, the district court overrules the probate or justice's court, then such lower court is to proceed with such case as though such probate or justice's court had ruled in accordance with the judgment of the district court, and in both cases a certified copy of the judgment of the district court should be transmitted to the probate or justice's court as authority for further action therein.

Counsel for respondent argues that the trial court was authorized to dismiss the appeal for the reason that no statement had been prepared, settled or filed. Sec. 4839, Rev. Stat., provides that when questions of law arise upon the pleadings or files in the action or appear from the docket of the court, no statement is required. The appeal to the district court was taken in the method pointed out by the statute, and when the case reached the district court, it was the duty of the court to hear and try such questions of law as arose upon the pleadings or files in the action or as appeared from the docket of the court. This the district court did not do, but dismissed said appeal entirely. This was error.

The judgment of the district court is reversed and the district court is ordered and directed to reinstate said appeal and hear and determine the questions of law presented by the pleadings or files in the action, or as appear from the docket of the court upon the appeal in accordance with this opinion. Costs awarded to the appellant.

Ailshie, C. J., and Sullivan, J., concur.