'(May 4, 1909.)

## J. ED. SMITH, Respondent, v. D. H. CLYNE, Appellant.

### [101 Pac. 819.]

APPEAL FROM PROBATE TO DISTRICT COURT IN CIVIL MATTERS—QUESTIONS OF LAW—QUESTIONS REVIEWED—PRESUMPTIONS OF ACTION OF PROBATE COURT.

    1. A defendant, who has filed a demurrer or motion addressed to the complaint, is not in default until after such demurrer and motion are disposed of.

    2. Where the record of the probate court fails to show what disposition was made of a demurrer and motion filed, and it does not otherwise appear what disposition was made of the same, but the record does show that a default was entered against the defendant for want of an answer, the court will presume on appeal from such judgment that the demurrer and motion were overruled and that the defendant was in default.

    3. Where an appeal is taken from the probate court in a civil matter to the district court, upon questions of law alone, the district court is called upon not only to pass upon the issues of law presented to the probate court, but also the question of law as to whether the probate judge erred in entering judgment.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. J. M. Stevens, Judge.

An action to recover attorney's fees. Judgment for plaintiff in the probate court. Appeal to the district court. Judgment of probate court affirmed, from which judgment defendant appeals. *Affirmed.*

Clark & Budge, for Appellant.

The demurrer and motion being on file at the time respondent applied for judgment, we were not in default, and under such conditions no judgment could properly be entered. (*Hestres v. Clements*, 21 Cal. 425; 23 Cyc. 750, 751; *Mitchell v. Campbell* (Or.), 13 Pac. 190; *McMurtry v. State*, 26 N. W. 915; *Tregambo v. Mining Co.*, 57 Cal. 501; *Oli-*

*phant v. Whitney,* 34 Cal. 25; *Warford v. Temple* (Ky.), 73 S. W. 1023; *Knaebel v. Slaughter* (N. M.), 35 Pac. 198; *Railroad Co. v. Nicholls* (Colo.), 6 Pac. 512; *Chivington v. Col. Springs* (Colo.), 14 Pac. 212.)   A judgment so entered is premature, and should be reversed.   (*Hestres v. Clements, supra; Steele v. Moss, supra; Tregambo v. Mining Co., supra.*)

J. Ed. Smith, *pro se,* for Respondent, files no brief.

STEWART, J.—This case was before this court on a former appeal and is reported in 15 Ida. 254, 97 Pac. 40.   In that opinion the facts very fully appear up to the time the district court acted upon the *remittitur* issued upon that opinion, and we will not again repeat or review such facts. After the *remittitur* went down, the record shows the district court heard and overruled the demurrer and motion pending and entered a judgment affirming the judgment of the probate court.   The defendant appeals.   The respondent moves to dismiss this appeal.   We have carefully examined the motion and brief and find no grounds for such motion or that a discussion of the grounds urged would be of any particular benefit as a discussion of legal propositions.   The judgment of the probate court affirmed was in favor of the respondent and against the appellant for the sum of $310 and costs.

The record directly involved upon this appeal is this: The respondent sued the appellant for attorney fees.   The complaint was filed on September 30, 1907, and summons issued on the same date.   On October 16th a demurrer and motion to strike were filed.   On October 19th the summons was filed upon return.   On October 22d the probate judge entered the default of the defendant Clyne, evidence was taken and judgment rendered in favor of the plaintiff.   The defendant appealed from such judgment to the district court, as stated in the notice, "upon both questions of law and fact."

At the hearing after the *remittitur* went down, the contention was made by the appellant that the district court should determine only the validity of the judgment entered

by the probate court as a default judgment, claiming that such judgment was not authorized, and that the probate court had no power or authority to enter the same, for the reason that a motion and demurrer addressed to the complaint were on file at the time the judgment was entered, undisposed of, and that the defendant was not in default; while respondent contended that the question of law, which the district court was called upon to determine, was the question presented by the motion to strike and the demurrer. These respective contentions are made in this court.

The question for solution then is: What was the power, jurisdiction and duty of the district court upon the appeal from the probate court?

In the opinion rendered in this case upon the former hearing the court directed the district court to "hear and determine the questions of law presented by the pleadings or files in the action or as appear from the docket of the court upon the appeal." We did not undertake in that opinion, or in the judgment, to specify the particular questions presented by the record to the district court for disposition, for the reason such questions were not involved upon that appeal.

Inasmuch as there was no issue of fact tendered in the probate court and the facts being conceded for want of an issue, the probate court could commit no error as to the facts admitted, and if there was no error as to the facts, there could be no appeal from his judgment in reference to the facts. (*People v. County Court of El Dorado,* 10 Cal. 19; *Funkenstein v. Elgutter,* 11 Cal. 328; *Rickey v. Superior Court,* 59 Cal. 661; *Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825; *Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40.) The appeal therefore, from the probate to the district court was an appeal upon questions of law alone.

The demurrer and motion filed in the probate court presented issues of law which the court was required to decide, and the defendant was not in default until such issues of law were disposed of. (*Winchester v. Black,* 134 Cal. 125, 66 Pac. 197; *Oliphant v. Whitney,* 34 Cal. 25.) The record in this case does not show what disposition, if any, was made of

such demurrer and motion. Whether the same were passed upon and overruled, the record does not disclose. Rev. Codes, sec. 4759, requires the probate court and justice's court to keep a book, denominated a "docket," in which certain matters must be entered, and designating the matters to be entered upon such docket. This section however, does not require that the action of the probate court upon a demurrer or motion shall be entered upon the docket; and no reference being made in the docket to what action the probate court took upon the demurrer and motion, this court will presume, in the absence of a showing to the contrary, that the probate court acted upon the demurrer and motion and overruled the same. This presumption, we think, is to some extent supported by the record showing that the defendant was in default. If the demurrer and motion had not been disposed of, then the defendant was not in default, but the probate judge entered a default, and this presupposes that the demurrer and motion had been acted upon and overruled and no answer made.

The demurrer and motion were filed on October 16th. The default was not entered until the 22d of October. It was the defendant's duty, after filing the demurrer and motion, to have the same set for hearing and disposed of, and if the defendant desired to answer, he should have applied to the court for leave to answer. It does not appear, however, in this case, so far as the probate judge's record is made or from any other showing, that the defendant filed any answer or asked leave to file an answer; and the fact that the probate judge entered the defendant's default implies at least that the motion and demurrer had been disposed of and no answer filed.

When the appeal was taken to the district court upon questions of law, such appeal not only presented to the district court the questions of law presented to the probate judge upon the files, but also the question of law as to whether the probate judge erred in entering judgment. In other words, if the probate judge entered a default judgment when the defendant was in fact not in default, and an appeal

is taken upon questions of law, the jurisdiction of the court to enter such default judgment at the time becomes a question of law reviewable upon the appeal from the judgment.

In the case of *Guthrie v. Phelan,* 2 Ida. 95, 6 Pac. 107, the territorial supreme court held:

"The rule is that when there is both a demurrer and answer to the same complaint, raising both an issue of law and fact, the issue of law should be first disposed of. The statute so provides. When there are both issues of law and fact, and the cause is brought on for trial, and the issues of fact are tried and a judgment rendered in the cause, the presumption will be indulged, on appeal, that the issue of law was previously disposed of by an order overruling the demurrer; and in this case the presumption is strengthened by the absence of proof that the record is complete. (*Brooks v. Douglass,* 32 Cal. 208; *Abadie v. Carrillo,* 32 Cal. 172.)"

This doctrine was again affirmed in the case of *United States v. Alexander,* 2 Ida. 386, 17 Pac. 746.

While it may be argued that the probate court, acting within justice's jurisdiction, is not a court of record, and that, therefore, the regularity of its proceedings cannot be presumed, still in this case where the statute does not require the record to show what action was taken by the probate court, in the absence of any showing to the contrary, we think it may be presumed that the thing was done which the law required to be done, and that the probate court overruled both the demurrer and motion.

The district court overruled the demurrer and motion, and rightly, and committed no error in so doing, as the complaint clearly stated a cause of action, and the matters to which the motion was addressed were merely matters of explanation of the character and extent of the services rendered for which the action was brought. The district court also committed no error in affirming the judgment of the probate court, as we have seen the presumption is that the motion and demurrer had been disposed of before the default was entered and that the defendant in fact was in default. If the defendant was in default, then the court had juris-

diction to enter the judgment entered in said case and the judgment was not erroneous. The trial court in entering the judgment appealed from made certain findings: First, that the demurrer should be overruled; second, that the motion to strike should be denied; third, taxing costs, and then the judgment recites: "Wherefore, by reason of the law and the findings aforesaid, no further questions appearing or being urged by the parties hereto," thus showing that the only questions relied upon in the district court were those disposed of in this opinion. These were the same questions urged in this court. It follows, therefore, that the judgment should be affirmed. Costs awarded to respondent.

Sullivan, C. J., and Ailshie, J., concur.