(November 27, 1917.)

# J. ED. SMITH, Respondent, v. JOHN PETERSON, Appellant.

[169 Pac. 290.]

PROBATE AND JUSTICE'S COURTS — DEFAULT JUDGMENTS—APPEAL AND ERROR—QUESTIONS REVIEWABLE.

1. The right to appeal, in this state, is conferred by legislative authority, and no provision having been made for an appeal to the district court from an order made by a probate judge or justice of the peace, after judgment, an attempted appeal from an order striking a motion to vacate a default and set aside a judgment from the files is a nullity.

2. In an action arising in a probate or justice's court upon a contract for the payment of money, or damages only, if the defendant fails to appear and answer or demur at the time specified in the summons, or within one hour thereafter, the court must, upon application of the plaintiff, enter the default of the defendant, and immediately thereafter enter judgment against him for the amount specified in the summons, including costs, and an appeal therefrom, to the district court, although the notice thereof specifies that it is taken upon questions both of law and fact, will be deemed to be taken upon questions of law alone.

3. Upon an appeal from a judgment of a probate or justice's court on questions of law alone, the district court may review all orders affecting the judgment appealed from and may set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon such judgment.

4. If an appeal is taken to the district court on questions of law alone, which arise upon the pleadings or files in the action, or appear from the docket of the probate or justice's court, a statement of the case, as provided for by sec. 4839, Rev. Codes, is not necessary.

5. Sec. 4674, Rev. Codes, provides that a probate or justice's court may, on such terms as may be just and on payment of costs, relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise or excusable neglect; but the application for such relief must be made within ten days after the entry of judgment. A motion for relief from a definite judgment made after the expiration of ten days subsequent to its entry is a nullity.

6. The fact that notice of motion to vacate a default and set aside a judgment has not been given, as required by law, is ground for requiring the moving party to give proper notice, but does not constitute a reason for striking the motion from the files.

7. Where there has been no trial of the facts of a case arising in the probate or justice's court, it cannot be tried, in the first instance, in the district court upon appeal, but must be if reversed, remanded to the tribunal in which it originated.

[As to power of superior court with respect to justice's judgment when transcript has been filed in that court, see note in **Ann. Cas.** 1914A, 415.]

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Appeal from a judgment dismissing an appeal from the probate court. *Reversed.*

D. E. Rathbun, for Appellant.

"The application for such relief (to set aside default) must be made within a reasonable time, not later than six months from the rendering of the decree, or the making of the order, or the occurrence of the proceedings sought to be set aside." (*Chandler v. Probate Court,* 26 Ida. 173, 141 Pac. 635.)

The proper procedure, if notice was insufficient, would be to set aside the service and continue the application for service. (*Killen v. Compton,* 60 Ga. 116; *Cheever v. Lane,* 3 Iowa, 296.)

Charles E. Oles, for Respondent.

While this notice of appeal states that the appeal is taken upon questions of both law and fact, yet the record discloses that no issue of fact was tendered in the probate court. The appeal, therefore, can only be considered as an appeal upon questions of law. (*Smith v. Superior Court,* 2 Cal. App. 529, 84 Pac. 54.)

Reliance upon an order of court which is void for want of authority is not an excuse for failure to answer. (*Deering Harvester Co. v. Thompson,* 116 Ga. 418, 42 S. E. 772.)

MORGAN, J.—This action was commenced in the probate court, by respondent against appellant, on July 20, 1915, and the time to answer, specified in the summons, was July 26th. On July 25th appellant advised the probate judge that the attorney he desired to employ was absent from the state and would not return in time to answer and the judge promised that the date for appearance would be postponed until July 28th. On the last-mentioned date appellant and his attorney appeared in the probate court prepared to answer and to proceed with the trial, but were informed by the judge that he, having forgotten his promise, had, on July 26th, permitted a default to be taken and a judgment thereon to be entered against appellant. On August 3d appellant moved to vacate the default and set aside the judgment and, in support thereof, filed his affidavit and that of the probate judge setting forth, among other matters, the facts above recited. On August 7th respondent moved to strike appellant's motion from the files for the reason that notice of the same, as provided by law, had not been given. The motion to strike was granted and, by leave of court, appellant refiled his motion and showing to vacate and set aside the default and judgment, but the probate judge does not appear to have acted upon it. On August 9th an appeal to the district court was perfected from the judgment, the notice reciting that it was taken upon questions of law and fact. On August 17th appellant also filed and served notice of appeal to the district court from the order striking his motion to vacate and set aside the default and judgment from the files, together with a statement of the case, in accordance with sec. 4839, Rev. Codes, specifying the errors upon which the appeal was based.

The right to appeal, in this state, is conferred by legislative authority, and, if it exists, it must be found in the constitution or statutes. (*Weiser Irr. Dist. v. Middle Valley Irri-*

*gating Ditch Co.,* 28 Ida. 548, 155 Pac. 484; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.)   No provision has been made in Idaho for an appeal to the district court from an order made by a probate judge or justice of the peace, after judgment, nor to procure a review of such an order, except by an appeal from the judgment itself, so the appeal from the order striking the motion from the files was a nullity.

Respondent moved, in the district court, to dismiss the appeal.   The motion was granted upon the ground that the motion to vacate and set aside the default and judgment, filed August 3d, having been stricken from the files on August 7th, and appellant having thereafter, on the same day, renewed the motion, abandoned that made on August 3d, and that the one of August 7th, having been filed more than ten days after the entry of judgment, was not in time as required by sec. 4674, Rev. Codes, which provides: " . . . . The court may also, on such terms as may be just, and on payment of costs, relieve a party from a judgment by default taken against him by his mistake, inadvertence, surprise, or excusable neglect; but the application for such relief must be made within ten days after the entry of the judgment, and upon an affidavit showing good cause therefor."

This appeal is from the judgment of dismissal.

The appeal from the judgment of the probate court must be deemed to have been taken upon questions of law alone, although the notice thereof recites that it was taken upon questions both of law and fact.   Sec. 4695, Rev. Codes, as amended by sec. 4, chap. 194, Sess. Laws 1911, p. 652, is as follows: "When, in an action arising upon contract for the recovery of money or damages only, the defendant fails to appear and answer or demur at the time specified in the summons, or within one hour thereafter, the court must, upon the application of the plaintiff, enter the default of the defendant, and immediately thereafter enter judgment against the defendant for the amount specified in the summons, including costs, . . . . "

It appears that respondent's action was based upon a contract for the payment of money so that, appellant having defaulted, proof of the claim was not necessary. There was no issue of fact presented to the probate court and, upon appeal, the district court acquired jurisdiction to review only the issues of law presented thereby. (*Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40.)

Sec. 4844, Rev. Codes, provides: "Upon an appeal on questions of law alone, the district court may review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify, any or all of the proceedings subsequent to, and dependent upon, such judgment, and may, if necessary or proper, order a new trial in the district court. . . . . "

The order of the probate court sustaining respondent's motion to strike appellant's motion from the files was such an order as is contemplated by sec. 4844, *supra,* and the proceedings in that court, subsequent to the entry of judgment, are reviewable by the district court upon appeal therefrom upon questions of law.

Respondent insists that the appeal to the district court was ineffectual because no statement of the case was filed within ten days after the rendition of judgment as required by sec. 4839, Rev. Codes, which is as follows: "When a party appeals to the district court on questions of law alone, unless the question arises upon the pleadings or files in the action, or appears from the docket of the court, he must, within ten days from the rendition of the judgment, prepare a statement of the case, and file the same with the justice or judge. The statement must contain the grounds upon which the party intends to rely on the appeal, and so much of the evidence as may be necessary to explain the grounds and no more. . . . . "

In this case the motion to vacate and set aside the default and judgment, the affidavits in support thereof, the motion to strike, the grounds thereof and the order of the probate court thereon were all contained in the files of the action and the docket certified by the probate judge to the district court.

A statement of the case, as provided for in sec. 4839, *supra,* was, therefore, unnecessary.

The action of the district court in dismissing the appeal upon the grounds stated in the judgment was erroneous. Appellant's act of refiling his motion after the expiration of ten days subsequent to the entry of judgment was a nullity, and he stands in the same position he would have occupied had he done nothing, after his motion was stricken, other than to perfect an appeal from the judgment upon questions of law.

This brings us to the question: Was appellant's motion, filed on August 3d, erroneously stricken? If it were not we would not reverse the action of the district court in dismissing the appeal, even though it is based upon mistaken grounds, for sec. 4231, Rev. Codes, directs: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect." (*Empire Mill Co. v. District Court,* 27 Ida. 383, 149 Pac. 499; *Schultz v. Rose Lake Lumber Co.,* 27 Ida. 528, and cases therein cited on pages 533 and 534, 149 Pac. 726; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629.)

The motion was stricken on the ground that proper notice thereof had not been given to respondent. That ground, if well founded in fact, was sufficient to have justified the probate court in requiring appellant to give proper notice, but it did not constitute any reason for striking the motion from the files, and the action of the probate court in so doing constitutes reversible error.

We are not unmindful that the merits of the motion to vacate and set aside the default and judgment has not been passed upon by the probate court, and we are fully aware that such a motion is addressed to the sound discretion of the tribunal in which it is made, but in view of the facts presented by this record, and particularly in view of the affidavit made by the probate judge, it would be an abuse of discretion for him to deny this motion, and it is therefore

a proper case in which to direct the action to be taken upon it. Sec. 3818, Rev. Codes, provides: "The court may reverse, affirm, or modify any order or judgment appealed from, and may direct the proper judgment or order to be entered. . . . ."

There has been no trial of the facts of this case in the probate court, and a trial thereof, in the first instance, cannot be had in the district court upon appeal, but it must be remanded to the tribunal in which it originated. (*Smith. v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825; *Gaiser v. Steele,* 25 Ida. 412, 137 Pac. 889.; *Smith v. Superior Court,* 2 Cal. App. 529, 84 Pac. 54.)

The judgment of the district court is reversed with directions to reverse the judgment of the probate court and to direct the probate court to overrule the motion to strike and to sustain the motion, filed on August 3, 1915, to vacate the default and set aside the judgment; to permit appellant to file his answer and to try the case upon its merits.

Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.