(January 22, 1909.)

In the Matter of the Estate of INGVART CHRISTENSEN, Deceased.

[99 Pac. 829.]

PROBATE MATTERS—APPEAL TO DISTRICT COURT—ISSUES TO BE TRIED— DISMISSAL OF APPEAL.

1. Under the provisions of sec. 5521, Rev. Codes, when return of sale is made and filed, any person interested in the estate may file written objections to the confirmation of sale, and may be heard

thereon, in which case the return to the order of sale and the objections made thereto constitute the issues to be tried and determined by the probate court.

2. From the judgment entered upon the hearing of such matter an appeal may be taken to the district court.

3. Upon the hearing in the district court, the case must be retried upon the same issues presented to the probate court, and witnesses may be called and testify the same as in the trial of any other cause.

4. The fact that either party failed to present evidence in support of the issues made in the probate court is not a ground or reason for dismissing the appeal to the district court, and the proof offered or a showing that no proof was offered in the probate court cannot be presented to the district court by affidavit in support of a motion to dismiss the appeal, as the cause in the district court is to be tried *de novo* upon the issues made in the probate court.

5. In a probate matter the fact that either party failed to offer proof in support of the issues presented in the probate court is not a ground for dismissing an appeal taken to the district court, or a matter which can be urged or considered on a motion to dismiss such appeal.

6. When an appeal to the district court in a probate matter is completed, the case is transferred to the district court to be tried *de novo*, and the fact as to the offering of proof or the failure to offer proof in the probate court is of no consequence whatever.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for the County of Custer. Hon. J. M. Stevens, Judge.

Objections were filed to confirming the sale of real estate by the administrator. Sale confirmed by the probate court. Appeal taken to the district court and on motion appeal dismissed. This appeal is from the order of the district court dismissing the appeal from the probate court. *Reversed.*

Milton A. Brown, and E. J. Frawley, for Appellant.

W. W. Adamson, for Respondent.

Counsel cite no authorities on points decided.

STEWART, J.—On January 25, 1908, George W. Emery, administrator of the estate of Ingvart Christensen, made return of sale of certain mining property belonging to said

estate, and petitioned the probate court of Custer county, Idaho, for an order confirming such sale. Notice of the hearing upon such order was given, objections were filed to the confirmation of such sale by Signa Jensen, a creditor of the estate of Ingvart Christensen. The objections came on for hearing and on February 5, 1908, the probate court of Custer county made an order overruling the objections to the confirmation of the sale made by the administrator, and entered an order confirming such sale. From the order confirming such sale Signa Jensen appealed to the district court on questions of both law and fact. In the district court the administrator moved to dismiss the appeal upon the following grounds: First, that appellants herein did not appear and object to confirmation of sale as required by sec. 5521 of the Rev. Stat. of 1887; second, that evidence was not produced as required by law showing that the price for which the property was sold was disproportionate to its value; third, that no bid whatever in excess of ten per cent, exclusive of the expenses of a new sale, was received. Affidavits were filed by appellant upon the hearing of the motion to dismiss the appeal and counter-affidavits were filed by the administrator. A hearing was had upon the motion to dismiss the appeal and on April 8, 1908, the district court made an order dismissing said appeal upon the grounds as stated in the order "that appellant herein did not appear and object to confirmation of sale as required by sec. 5521 of the 1887 Rev. Stat. of the state of Idaho; that evidence was not produced as required by law showing that the price for which the property was sold was disproportionate to its value; that no bid whatever, in excess of ten per cent exclusive of the expenses of the sale was received, and that appellants or no other parties whatever have, up to the present time, offered any bids for said property whatever."

From this order and judgment this appeal is taken. An examination of the order made by the district court discloses the position assumed by the district court in dismissing the appeal from the probate court. It was that because the person filing the objections to the confirmation of sale did not

appear before the probate court and introduce evidence showing that the price for which the property was sold was not disproportionate to its value, and did not offer or submit or show that a bid could be secured in excess of ten per cent, exclusive of the expenses of sale, and that no other bid had been presented.

Revised Codes, sec. 5521, provides:

"When return of the sale is made and filed, any person interested in the estate may file written objections to the confirmation thereof, and may be heard thereon when the return is heard by the court or judge, and may produce witnesses in support of his objections."

Sec. 5522 provides:

"If it appears to the court that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, and that a greater sum as above specified cannot be obtained, or if the increased bid before mentioned be made and accepted by the court, the court must make an order confirming the sale, and directing conveyances to be executed."

Thus it will be seen that when return to the sale is made and filed, any person interested in the estate may file written objections to confirmation, and a hearing shall be had thereon. The issues formed by the return and the objections present the issues to be tried by the probate court. In the case under consideration the return to the order of sale and the objections constituted the issues to be tried and determined by the probate court upon the evidence offered by the respective parties, and upon that evidence the probate court should enter judgment in accordance with the law and the evidence. From the judgment thus entered, an appeal being taken to the district court, it was there to be retried upon the same issues presented to the probate court. This court has recently had under consideration the identical question presented by this appeal.

The *Estate of McVay*, 14 Ida. 64, 93 Pac. 31.

"If the appeal be taken upon questions of both law and fact, then the district court proceeds to try, first, the questions

of law, and if the cause is reversed on questions of law, the questions of fact are not tried. If, however, the cause is not reversed on questions of law, then the same questions of fact as were tried in the probate court will be retried in the district court as other trials in said court are conducted. Witnesses may be called and may testify the same as in the trial of any other cause. In other words, this statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court.''

Sec. 4831, Revised Codes, provides:

''An appeal may be taken to the district court of the county from a judgment or order of the probate court in probate matters: . . . . 5. Against or in favor of directing the partition, sale or conveyance of real property.''

Then follows sec. 4836, Rev. Codes, which provides, among other things:

''If the appeal be upon questions of both law and fact, the trial to the district court shall be *de novo*.''

It seems that the district court entertained the view that notwithstanding the fact that the appellant filed objections to the confirmation of the sale, yet inasmuch as the appellant offered no evidence at the hearing and did not prove at such hearing that the price, for which the property was sold, was not disproportionate to its value and did not offer or submit or show that a bid could be secured in excess of ten per cent, exclusive of the expenses of sale, that therefore the appeal should be dismissed. This, however, is not a reason why the appeal should be dismissed, as when the case reached the district court it was the duty of the district court to proceed with a hearing of said cause upon the issues made in the probate court. While the failure to offer such proof upon the hearing in the district court would be a matter to be considered by that court in determining the question of affirming, modifying or reversing the judgment appealed from, yet the failure to offer such proof in the probate court is not a matter which in any way concerns the district court upon the hearing upon appeal, as the hearing in the district court is

*de novo* upon the issues made in the probate court. Appellant, after filing her objections to the confirmation of the sale in the probate court, may have concluded it wise not to offer any evidence in support of such objections and thereby may not have presented to the probate court any reason or proof why the sale should not be confirmed. Yet, when an appeal is taken to the district court, the failure to offer such proof in the probate court cannot be considered by the district court in any way whatever. A party to a probate matter, upon appeal to the district court, cannot present the proof taken in the probate court or show the absence of proof by affidavit, as the district court is required under the statute to proceed to a trial *de novo,* and whether either party made or failed to make a case in the probate court does not concern or govern the district court in determining the issues presented to it for trial. Counsel for respondent in his brief makes this statement:

"It is true that appellant filed objections to the confirmation of sale, but the mere filing of her objections could avail nothing when unsupported by evidence as required by sec. 5521, R. S. That appellant neglected and failed to offer any evidence in support of those objections is shown conclusively, and the only attempt appellant makes to show that any proof was ever attempted to be given in support of them is the affidavit of her attorney unsupported by any affidavit of hers or other person."

Admitting all of this to be true, it is not grounds for dismissing the appeal. It may be admitted that it was sufficient to justify the probate court in entering an order confirming the sale, and it may be admitted that it would be sufficient if the same course was pursued in the district court to warrant the district court in affirming the judgment of the probate court, but it is not a matter that can be urged upon a motion to dismiss the appeal. In other words, upon a motion to dismiss the appeal in a probate matter in the district court, the question as to whether or not the appellant made his case or defense or offered sufficient or any proof in the probate court, cannot be considered. The statute does not

limit the right to appeal in a probate matter to cases where the appellant offered proof in support of the issue before the probate court. When the appeal to the district court was completed and the case transferred to that court by appeal, the case stood there for retrial, and whether or not evidence was offered in the probate court is of no consequence whatever. For these reasons the judgment of the district court is reversed and the district court directed to proceed to try said case upon the issues presented to the probate court. Costs awarded to appellant.

Ailshie, J., concurs.