<hr />

(January 10, 1914.)

## WILLIAM GAISER et al., Plaintiffs, v. EDGAR C. STEELE, District Judge, Defendant.

[137 Pac. 889.]

APPEAL FROM BOARD OF COUNTY COMMISSIONERS—TRIAL ANEW—JURISDICTION OF COURT.

1. Where a board of county commissioners dismissed a petition for the segregation of a common school district from a rural high school upon the ground that the law authorizing such action had been repealed, and the petitioners appealed from such order to the district court, and the district court held and decided that the board of commissioners erred in dismissing the petition and in holding that the law authorizing such petition had been repealed, there was no further issue to try "anew," and the district court properly remanded the petition to the board of commissioners for a hearing on the merits thereof.

2. To try a case "anew" or "*de novo*" implies that the case has been heard before, and where no issue has been tried there is no issue to try "anew."

3. Under the provisions of sec. 141, chap. 159, of the 1911 Sess. Laws (p. 538), it is the duty of the board of commissioners to hear the facts upon which a petition is presented to such board and determine whether or not "it is to the best interests of the . . . . school district to be segregated from the rural high school to which said . . . . district is joined," and "if they unanimously agree,"

they may grant the petition and segregate the district so petition-
ing. Under this statute the petition and the facts upon which it is
presented should be heard by the board of commissioners and by
them passed upon.

Original application for a peremptory writ of mandate.
Writ denied and the petition dismissed.

Needham & Needham, for Plaintiffs.

Sec. 1953, Rev. Codes, makes it a duty of the district court
to try anew an appeal from a board of county commissioners,
and as the defendant, district judge, refused to proceed to a
trial of said cause, he may be compelled to do so by *mandamus,*
and an application to this court for such a writ is plaintiffs'
only remedy under the laws of this state. (*State v. Third
Judicial Dist. Court,* 36 Utah, 223, 102 Pac. 868; *Moore v.
Superior Court,* 20 Cal. App. 299, 128 Pac. 946; *State v. Sec-
ond Dist. Court,* 36 Utah, 396, 104 Pac. 282; *Fenton v. Board
of Commrs.,* 20 Ida. 392, 119 Pac. 41; *State v. McMillan,
Judge,* 21 Okl. 384, 96 Pac. 618; *People v. Jefferson Dist.
Court,* 46 Colo. 386, 133 Am. St. 84, 104 Pac. 484, 24 L. R. A.,
N. S., 886; *Fox v. Workman,* 6 Cal. App. 633, 92 Pac. 742;
*Eberle v. King, Judge,* 20 Okl. 49, 93 Pac. 748; *Connolly v.
Woods, Judge,* 13 Ida. 591, 92 Pac. 573; *Hill v. Morgan,* 9
Ida. 718, 76 Pac. 323; *Hoffman v. Lewis, Judge,* 31 Utah,
179, 87 Pac. 167; *Widrin v. Superior Court,* 17 Cal. App. 93,
118 Pac. 550.)

Alex. Kasberg, for Defendant.

Sec. 1953, Rev. Codes, provides that matters appealed from
the board of county commissioners to the district court must
be tried anew. The word "anew" is defined by Webster as
meaning "over again, another time." "*De novo*" is defined
by Black's dictionary as "anew, afresh, a second time." A
question cannot be heard anew until it has been once heard.
The merits of this case have never been heard or passed upon
by the board, and there can be no appeal on questions of fact
or any hearing "anew" until the board has exercised the dis-

cretion specially enjoined on it by sec. 141, chapter 159, Sess. Laws of 1913.

"Only such questions as have been put in issue before the county board can be tried on appeal." (*Irwin v. Lowe,* 89 Ind. 540.)

AILSHIE, C. J.—This is an application on citation and notice for a peremptory writ of mandate against Honorable Edgar C. Steele, judge of the second judicial district.

It appears that the plaintiff herein, William Gaiser, on June 16, 1913, filed a petition with the county school superintendent of Nez Perce county, praying that school district No. 63 of Nez Perce county be segregated and withdrawn from Rural High School District No. 1 of that county, as authorized by sec. 141, chap. 159 of the 1911 Sess. Laws (1911 Sess. Laws, p. 538). This petition was subsequently filed with the board of county commissioners and set for hearing on the 29th day of July, 1913, upon which date the petition came on for hearing, and the representatives of Rural High School District No. 1 moved that the petition be dismissed, on the ground that sec. 141, chap. 159 of the 1911 Sess. Laws, had been repealed by sec. 18, chap. 115 of the 1913 Sess. Laws. The commissioners granted the motion and dismissed the petition and thereupon entered an order denying the prayer of the plaintiff's petition. The plaintiff, as petitioner before the board, thereupon appealed to the district court in and for Nez Perce county, on questions of both law and fact. The appeal came on before the judge of the district court on the 24th day of October, 1913, and after hearing arguments of counsel upon a motion to dismiss the petition and appeal, the court overruled the same, holding that sec. 141, chap. 159 of the 1911 Sess. Laws had not been repealed and thereupon set the case for hearing on November 18th. Thereafter, when the case was called, the plaintiffs offered and requested to be permitted to introduce their proofs and try the case upon the facts, to which counsel for the board of commissioners and rural district No. 1 objected, and thereupon the court sustained the objection and made an order remanding the case to the board

of county commissioners for hearing upon its merits. Counsel for the petitioners thereupon prepared their application to this court for a peremptory writ of mandate, directed to the judge of the district court, and served notice of the time and place of application, and the case has been filed and submitted upon briefs for consideration and determination by this court.

The only question presented to us is whether the trial court, after determining the question of law, should have proceeded to try the case *de novo,* or properly remanded the case to the board of commissioners for a hearing before the board.

Sec. 1953 of the Rev. Codes provides that on an appeal from an order of the board of county commissioners the matter must be "heard anew." To try a matter anew or a case anew or *de novo* is to try it again, another time or try it over.

In *Zimmerman v. Bradford-Kennedy* Co., 14 Ida. 681, 95 Pac. 825, this court in considering the provisions of sec. 4840 of the Rev. Codes, providing for a trial anew on appeal from a justice's court, said: "A trial *de novo* as provided for by sec. 4840, Rev. Stat., implies and signifies the trying anew of an issue that has been previously tried. Where no issue has been previously raised, there is no issue to try anew." The doctrine of that case was affirmed by this court in *Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; and again in *Smith v. Clyne,* 16 Ida. 466, 101 Pac. 819. The same language is used in sec. 1953 that is employed in sec. 4840. The one statute says that the case shall be "tried anew," and in the other statute it says that it shall be "heard anew." It would seem that a case which has never been tried on the facts could not be tried "anew" or "*de novo*" on the facts of the case until there had first been a trial.

It is also important, however, in order to satisfactorily determine this question, to examine the statute under which this petition was filed with the board and under which the board was required to consider it. Sec. 141 of chap. 159 of the 1911 Sess. Laws (p. 538) provides as follows:

"When two-thirds of those who are heads of families and residents of any regularly organized school district joined

to a rural high school district shall present a petition to the board of county commissioners showing that it is to the best interests of the said regularly organized school district to be segregated from the rural high school to which said regularly organized district is joined, it shall be lawful for the said board, if they unanimously agree, to segregate said petitioning subdistrict from said rural high school district.''

It will be seen from an analysis of the foregoing provision of the statute that the board have to determine the question as to whether it would be ''to the best interests of the said regularly organized school district to be segregated from the rural high school to which said regularly organized district is joined,'' and after that is determined it seems necessary for the board to ''unanimously agree to segregate said petitioning subdistrict from said rural high school district.'' The facts must consequently be heard and passed upon by the board of commissioners.

The trial court properly remanded the case to the board of commissioners for hearing on the merits. Writ is denied and petition dismissed. Costs awarded in favor of defendant.

Sullivan, J., concurs.