(July 5, 1923.)

## FIRST NATIONAL BANK OF POCATELLO, a Corporation, Appellant, v. G. H. DREW, Defendant, and N. T. OLSEN, Garnishee and Respondent.

[216 Pac. 1034.]

GARNISHMENT PROCEEDING—JUDGMENT—APPEAL—TRIAL IN DISTRICT COURT—JUDGMENT IN MAIN ACTION—SUMMONS—SERVICE BY PUBLICATION.

1. No appeal can be taken by garnishee-defendant until a judgment has been entered against him.

2. No trial of an issue of fact may be had on appeal in a garnishment proceeding when there has been no trial of an issue of fact in the court below.

3. No valid judgment can be entered against a garnishee-defendant until a judgment has been entered against the defendant in the main action.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action on promissory note. Judgment for garnishee-defendant. *Reversed.*

Swanson & Tydeman, for Appellant.

There is no judgment in the garnishment proceedings from which an appeal could be taken to the district court.

This is not an appealable judgment, nor a judgment of any kind. (*Gray v. Cederholm,* 2 Ida. 34, 3 Pac. 12; *Durant v. Comegys,* 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *State v. French,* 118 Mo. App. 15, 93 S. W. 295; *Santti v. Hartman,* 29 Ida. 490, 161 Pac. 249; 1 Black on Judgments, sec. 3.)

Since no issue of fact was tried in the justice court in the garnishment proceedings upon plaintiff's denial of the answer of the garnishee, and the garnishee's reply thereto (because the garnishee did not reply in the justice court),

the district court could not try any such issue. (*Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825.)

There having been no issue tried in the garnishment proceedings in the justice court, the court could only have reexamined questions of law, on the appeal to the district court, if a judgment had been entered in the justice court from which an appeal would lie, and the court could not thereby enter a judgment dismissing plaintiff's denial of the garnishee's answer. (*Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Gaiser v. Steele,* 25 Ida. 412, 137 Pac. 889; *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290.)

Baird & Davis, for Garnishee-Respondent, file no brief.

DUNN, J.—This action was brought by appellant on a promissory note given by one Drew.

An attempt was made to attach in the hands of respondent certain moneys, effects and credits belonging to Drew. In response to the notice of attachment and request for a statement respondent answered under oath that he had not, either at the time the notice of attachment was served upon him or at the time of making the answer, in his hands or under his control, any moneys, effects or credits belonging to Drew.

Appellant filed its exception to the sufficiency of the answer, and denied the answer of respondent, alleging on information and belief that respondent had sold certain hay belonging to Drew and received more than $500 therefor; that one-half thereof belonged to Drew, and that after paying a portion of Drew's interest to one E. C. White respondent still retained possession of the balance, for which he had not accounted to Drew.

On petition of appellant the court fixed a time and place for the examination of respondent as to his indebtedness to Drew and as to any credits or other personal property in his possession belonging to Drew, and also for the trying of the issue raised by the answer of respondent, due notice of which was given to respondent. The record does not show

that any such examination and trial were had. The transcript of the proceedings in the justice court contains this statement: "April 16, 1920, judgment against the garnishee, N. T. Olsen." No judgment is shown in the record, but respondent appealed to the district court of Bannock county from a judgment which his notice of appeal recited to have been entered against him.

In the district court appellant moved to dismiss the appeal on the ground that no judgment had been entered in the main action, that no judgment had been entered in the garnishment proceeding and that the district court was therefore without jurisdiction.

The district court permitted respondent, as garnishee-defendant, to file a reply to plaintiff's denial and the grounds upon which recovery was sought against the garnishee. The court then proceeded to try the issues thus raised, and granted a nonsuit and dismissal of "plaintiff's denial of garnishee's answer."

Appellant moved to strike this reply, which had been erroneously permitted to be filed, but the motion was denied. This was error. There was no trial of such issues of fact below, and therefore there could be no trial thereof in the district court. (C. S., secs. 6800, 7091 and 7181; *Smith v. Clyne,* 15 Ida. 254, 97 Pac. 40; *Gaiser v. Steele,* 25 Ida. 412, 137 Pac. 889; *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290.)

It was error for the court to deny the motion to dismiss the appeal from the justice court, for the record shows no judgment against respondent Olsen, who attempted to appeal to the district court. The record also fails to show a final judgment in the main action, without which a judgment against the garnishee, if one had been entered in proper form, would be a nullity. (C. S., sec. 6790.)

The judgment of the district court is reversed, with directions to remand the cause to the justice court for further proceedings. Costs awarded to appellant.

McCarthy, William A. Lee and Wm. E. Lee, JJ., concur.