(November 15, 1923.)

HENRY OBERMEYER, Appellant, v. T. R. KENDALL, Respondent.

[220 Pac. 751.]

TRIAL DE NOVO — NEW PLEADINGS—CROSS-COMPLAINT IN UNLAWFUL DETAINER—NONSUIT.

1. On a trial *de novo*, the issues cannot be changed, as by setting up a new cause of action, but the case must be tried in the appellate court upon the issues that were presented in the

court below, and it is not permissible to amend or to file new pleadings, by which a new cause of action is introduced.

2. In an action of unlawful detainer, the right to possession is the sole issue, and neither counterclaims nor cross-complaints may be entertained.

APPEAL from the District Court of the Seventh Judicial District, for Gem County. Hon. Ed. L. Bryan, Judge.

Action in unlawful detainer. Judgment for defendant. *Reversed* in part.

Geo. C. Huebener, for Appellant.

New issues are not permitted upon appeal from the inferior courts. The action must be tried *de novo* in the appellate court on the same issues. The amendment allowed by the trial court presented a new issue, both as to amount demanded in the counterclaim and as to months for which damages were demanded. (*Estate of McVay,* 14 Ida. 64, 93 Pac. 31; *Estate of Christensen,* 15 Ida. 692, 99 Pac. 829; *Kent v. Dalrymple,* 23 Ida. 694, 132 Pac. 301; *Collins v. Lindsay,* 33 Ida. 230, 191 Pac. 357.)

Secs. 6695 and 6699, C. S., provide under what circumstances counterclaims or cross-complaints may or should be interposed and their essential elements, and secs. 7320 to 7338, C. S., only contemplate a defense to the charge of forcible or unlawful detainer, and do not provide for the defendant seeking affirmative relief or becoming a cross-actor in such action. An action prosecuted under the foregoing sections by the landlord for an unlawful detainer by the tenant is not subject to counterclaim or cross-complaint the same as ordinary actions are. (*Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434; *Hoffman v. Remnant,* 72 Cal. 4, 12 Pac. 804; *Yorba v. Ward,* 109 Cal. 107, 38 Pac. 48, 41 Pac. 793.)

H. S. Kessler, for Respondent.

An amendment increasing the amount of damages where it does not change the nature of the action is allowable,

and especially where the amendment is occasioned by facts occurring after the original pleadings. (C. S., sec. 6719; *Rankin v. Caldwell,* 15 Ida. 625, 99 Pac. 108; 21 R. C. L. 593, 584, note 15; 31 Cyc. 438, 440.)

Counsel has failed to plead a cause of action entitling him to summary possession or to any relief whatever. It is apparent that plaintiff's action is not for "forcible entry" (C. S., sec. 7320). The complaint shows that the respondent entered the premises lawfully. It is likewise apparent that the allegations of the complaint do not plead a cause of action for "forcible detainer" as defined in sec. 7321. There is no allegation that defendant was holding possession by "force or by menaces and threats of violence"; such allegations are essential in an action for forcible detainer. (*Amos v. Cohn,* 7 Cal. App. 432, 94 Pac. 590.)

Likewise it is clear that the complaint does not state a cause of action for "unlawful detainer" (sec. 7322). This section is applicable only where the relation of landlord and tenant exists. (*Francis v. West Virginia Oil Co.,* 174 Cal. 168, 162 Pac. 394.)

Counsel for appellant attempted to proceed on the theory of unlawful detainer but he clearly was not entitled to the relief sought, and his complaint is not in summary proceeding and therefore it was not error for defendant to plead a cross-complaint. The relation existing was not that of landlord and tenant. (*Davis v. Long,* 45 N. D. 581, 14 A. L. R. 796, and case note at 808, 178 N. W. 936; *Mackinzie v. Minis,* 132 Ga. 323, 16 Ann. Cas. 723, 63 S. E. 900, 23 L. R. A., N. S., 1003; *Tucker v. Burt,* 152 Mich. 68, 115 N. W. 722, 23 L. R. A., N. S., 510, at 513.)

If the complaint has been abandoned or dismissed the cross-complaint stands as an independent action and the defendant is entitled to have the issue raised therein determined on the merits. (*Brown v. T. B. Reed & Co.,* 31 Ida. 529, at 534, 174 Pac. 136.)

T. BAILEY LEE, Commissioner.—Plaintiff, appellant here, filed his suit in unlawful detainer in the probate

court of Gem county, on January 27, 1921. He claimed that in May, 1920, he employed the defendant to go upon the premises involved for an indefinite period and farm and manage the same, and that as part of the compensation agreed upon defendant and his family were to occupy and use the residence and buildings thereon; that thereafter on January 10, 1921, he terminated the said contract of employment and directed defendant to vacate the premises, which defendant refused to do; that on January 14th following he caused to be served upon the defendant a written notice demanding that defendant vacate the premises and yield plaintiff possession thereof within three days from date of service, but that the defendant continued wrongfully and unlawfully to withhold them. He asked for restitution of the premises and pleaded no damages.

On March 11, 1921, the defendant answered, specifically denying plaintiff's allegations, and setting up what is denominated a "further and separate answer and defense," upon which he demanded judgment in the sum of $303 and interest claimed to be due him as wages for the months of December, 1920, and January and February and eleven days of March, 1921.

The record is silent, but evidently a judgment was entered either upon a verdict or by the court, and an appeal taken by one of the parties to the district court of Gem county.

The case coming on for trial, the defendant was permitted over plaintiff's objection, to amend his separate defense by increasing the sum originally sued for to $500, and fixing the period covered as "December, January, February, March, April and May, 1921," December, 1920, having obviously been intended.

In the absence of any assistance from the record, it becomes necessary to speculate as to what then happened. Possibly, it had developed that the defendant had vacated the premises, or plaintiff may have abandoned his case. This much appears:

"Mr. Huebener: Now, then, the question arises: who is to take the affirmative in this case. I took the matter up with Mr. Church this morning, and he said that he would leave that up to the court.

"Court: There is no issue here except that made in the affirmative answer?

"Mr. Church: I presume that is all.

"Court: Then I don't see—you must take the initiative some time in the trial, and, if there is no issue except that raised in your affirmative matter, you may as well proceed with the initiative on the trial.

"Mr. Church: Very well."

The defendant introduced his evidence and rested. Plaintiff moved for a nonsuit which was overruled. He then presented his case, and after some rebuttal the cause went to the jury, under the court's instructions upon the sole issue of wages. Verdict was returned in favor of the defendant in the sum of $305. Judgment was entered that the plaintiff "have and recover nothing from the defendant, and that the defendant do have and recover from plaintiff," the sum stated with costs.

Plaintiff has appealed, assigning as error the court's allowance of the amendment, denial of nonsuit, and entry of judgment. The amendment injected into the case entirely new causes of action, several of which had not arisen when defendant's answer was filed.

On a trial *de novo*, the issues cannot be changed, as by setting up a new cause of action, but the case must be tried in the appellate court upon the issues that were presented in the court below. (29 Cyc. 724; *People v. El Dorado County Court*, 10 Cal. 19; *Estate of McVay*, 14 Ida. 64, 93 Pac. 31.) And it is not permissible to amend or file new pleadings by which a new cause of action is introduced. It has often been held that an item of damages may be added by amendment when it would be supported by the cause of action originally plead, but the weight of authority prohibits the introduction of anything not so supported. It would hardly be said that plaintiff's failure to pay wages

in December or January could serve as a basis for claims arising for work done in April and May. The ruling was erroneous.

Plaintiff based his motion for nonsuit upon the ground that, the action being one of unlawful detainer, defendant's counter demand for wages due constituted no defense, and could not be litigated. The defendant while practically admitting the rule seeks to avoid its application by contending that the suit is not one of unlawful detainer.

In this he is clearly wrong. To determine the nature of an action one looks to the complaint and assumes its allegations to be true. It is plead that the defendant was in possession under contract of employment; that the contract was terminated and that defendant refused to vacate when required to do so. Such allegations plead a tenancy at sufferance. (*Snedaker v. Powell*, 32 Kan. 396, 4 Pac. 869; *Eichengreen v. Appel*, 44 Ill. App. 19; *People v. Annis*, 45 Barb. (N. Y.) 304.)

In an action of unlawful detainer, the right to possession is the sole issue, and neither counterclaim nor cross-complaints may be entertained. (*Hunter v. Porter*, 10 Ida. 72, 77 Pac. 434; *Wolter v. Dixon*, 29 Ida. 26, 157 Pac. 250.) Defendant's separate and affirmative defense was purely a cross-complaint, irrespective of what he termed it. The motion for nonsuit should have been sustained.

Coming to the judgment, plaintiff insists that it should be reversed in its entirety. Here, he is wrong. His cause had not been dismissed; it was still before the court; he had offered no evidence to maintain it, and the trial court could have done nothing less than award judgment against him on his complaint.

The judgment should be reversed as to the wage award and the trial court instructed to modify it accordingly. In all other respects the judgment should be affirmed.

Budge, C. J., concurs.

McCarthy, Dunn and Wm. E. Lee, JJ., concur in the conclusion reached.

PER CURIAM.—The foregoing is hereby approved as the opinion of the court. It is ordered that the judgment be reversed as to the wage award, and that the trial court be directed to modify the judgment accordingly. In all other respects the judgment is affirmed. No costs are awarded.