(August 1, 1924.)

R. W. ALBINOLA, Appellant, v. CHAS. E. HORNING, as Assignee for the Benefit of Creditors of the O. A. OLIN CO, a Corporation, Respondent.

[227 Pac. 1054.]

TRIAL DE NOVO — PLEADINGS — NEW CAUSE OF ACTION IN DISTRICT COURT—JURISDICTION.

1. Where an action is appealed from the justice court to the district court, a trial *de novo*, under the provisions of C. S., sec. 7181, is the trying anew of an issue that has been previously tried.

2. Where upon a trial *de novo* in the district court defendant filed a cross-complaint containing a distinct cause of action which was not presented in the justice court, and which could not have been adjudicated in the justice court for lack of jurisdiction of the subject matter, the district court did not acquire jurisdiction of defendant's cause of action set forth in his cross-complaint, and a judgment based thereon is erroneous.

3. Upon appeal from the justice court to the district court, the latter court has the same power to grant relief by amendment or otherwise as in actions commenced in the district court (C. S., sec. 7182), but a new cause of action may not be interposed.

---

Publisher's Note.

Right to interpose counterclaim in an amount in excess of jurisdiction, see notes in Ann. Cas. 1913D, 159; 37 L. R. A., N. S., 606.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. A. H. Featherstone, Judge.

Action in justice court to recover price of mining stock, appealed to district court. Judgment for plaintiff. *Reversed* and *remanded.*

J. E. Gyde, for Appellant.

A judgment in the appellate (district) court can be for no greater sum than the sum for which the justice court could have given judgment, and therefore the judgment in this case for $1,141.05 besides costs is null and void. (*North American Ins. Co. v. Jenkins* (Tex. Civ.), 184 S. W. 307; *Sims v. Kennedy,* 67 Kan. 383, 73 Pac. 51; *Parker Grain Co. v. Chicago etc. Ry. Co.,* 70 Kan. 168, 78 Pac. 406; *Wagstaff v. Challis,* 31 Kan. 212, 1 Pac. 631; *Chadwick v. Chadwick,* 6 Mont. 566, 13 Pac. 385; *Shea v. Regan,* 29 Mont. 308, 74 Pac. 737; 16 R. C. L. 402, sec. 80.)

The appellate (district) court could not hear or determine even a counterclaim for the first time in that court, where the amount is beyond the jurisdiction of the justice court. (16 R. C. L. 403, sec. 80; *Thompson v. Stone,* 63 Kan. 881, 64 Pac. 969; *Deihm v. Snell,* 119 Pa. St. 316, 13 Atl. 283; note, 37 L. R. A., N. S., 616.)

A *fortiori,* such appellate court could not hear or determine a cross-complaint, a pleading unknown to our justice court practice, where the amount is beyond the jurisdiction of the justice court.

A trial *de novo* as provided in C. S., sec. 7181, implies and signifies the trying anew of an issue that has been previously tried. (*Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825; *Jones v. County Court,* 10 Cal. 19.)

W. H. Hanson, for Respondent, files no brief.

McNAUGHTON, District Judge.—This action was begun in justice court. The plaintiff sought to recover of the

defendant $288, claimed by his pleadings in the justice court to be due from defendant to plaintiff on account of a sale to defendant of 1,250 shares of the stock of defendant's company. In the justice court defendant joined issue by denying the allegations of the complaint and denying any sum to be due to plaintiff. Judgment was for plaintiff and defendant appealed to the district court.

Subsequent to the bringing of the action, because of insolvency, an assignment for the benefit of creditors was made and a trustee appointed by the defendant company, and by stipulation the trustee was substituted for the defendant in the action.

In the district court the defendant amended its answer and entered a cross-complaint setting forth the insolvency and claiming that the purchase by the defendant of the stock in its own company was *ultra vires*, void and in fraud of creditors, and sought to recover $950 paid plaintiff on account of the sale. The plaintiff demurred and asked that the new answer and cross-complaint be dismissed.

This demurrer was overruled and plaintiff filed an amended complaint similar to his original complaint, except that in the amended complaint the amount is claimed to be $300, and claiming as balance of the purchase price of the Albinola Insurance Company instead of stock in the defendant company; also filed an answer to defendant's cross-complaint, and filed a pleading designated as plaintiff's cross-complaint; but on motion of defendant and by consent of counsel this amended complaint and cross-complaint were stricken. Thereafter, upon motion of defendant for judgment upon the pleadings, judgment was entered for the defendant and against the plaintiff for the sum of $1,141.05. It is claimed by appellant that this was error on the ground that the court was without jurisdiction of the cause of action which was set up by defendant after the appeal and which was in excess of the jurisdiction of the justice court.

In this state the jurisdiction of the district court on appeal from a justice court is purely derivative, and if the justice had no jurisdiction in an action as it was before him,

the district court acquires no jurisdiction by appeal, for upon appeal from the justice court the law affords appellant only a trial *de novo.* (C. S., sec. 7181.) Trial *de novo* as used in the statute has been defined by the courts of this state as "the trying anew of an issue that has been previously tried." (*Zimmerman v. Bradford-Kennedy Co.,* 14 Ida. 681, 95 Pac. 825.) This rule is followed generally in states having similar statutory provisions on appeals from justices of the peace. (16 R. C. L. 403, sec. 80; *Jones v. County Court,* 10 Cal. 19; *Stacey Cheese Co. v. Pipkin,* 155 N. C. 394, 71 S. E. 442, 37 L. R. A., N. S., 606.)

In this case defendant presented a distinct cause of action in his cross-complaint which was not presented in the justice court and which indeed could not have been adjudicated in that court for want of jurisdiction of the subject matter. It is therefore thought that the district court did not acquire jurisdiction of defendant's cause of action set forth in the cross-complaint filed in the district court, and the judgment based upon it is erroneous

We do not wish to be understood as holding that the pleadings and issues cannot be reframed in the district court on appeal. Upon appeal from the justice court the district court has the same power to grant relief by amendment, or otherwise, as in actions commenced in the district court (C. S., sec. 7182).

In this case if the plaintiff's complaint erroneously set forth that the amount claimed was a part of the purchase price of stock in defendant's company, whereas in truth it was for the purchase of the Albinola Insurance Co., the district court had power to grant him relief from such error by permitting an amendment; also defendant in this case may in the district court amend its answer and set forth any defense it has to the claim of plaintiff, for in the justice court issue was joined upon the claim of any sum being due plaintiff, but if defendant seeks to recover back from plaintiff any moneys defendant claims due on account of any alleged illegal payment, that is tendering a new cause

of action which cannot be heard upon appeal. (*Obermeyer v. Kendall,* 38 Ida. 283, 220 Pac. 751.)

On account of finding it necessary to reverse the judgment in this case on the ground stated, we have deemed it unnecessary to consider the other assignments of error.

The judgment of the district court is reversed and the case remanded for further proceedings in accordance herewith. Costs awarded to appellant.

McCarthy, C. J., and William A. Lee and Wm. E. Lee, JJ., concur.