270 P.2d 1007

DAVIS v. PARKIN et al.

No. 8026.

Supreme Court of Idaho.

May 17, 1954.

Anderson & Anderson, Pocatello, for appellant.

Bistline & Bistline, Pocatello, for respondents.

THOMAS, Justice.

Ellis owned the South Highway Wrecking Yard near Pocatello, Idaho. Ellis and Parkin had a business arrangement for wrecking old automobiles whereby Ellis supplied the cars and Parkin a truck and other equipment to do the wrecking. All expenses in connection with such work, except the oxygen supplied by Parkin, were paid out of the proceeds of the occasional sale of parts. The scrap iron was sold to a dealer and the proceeds therefrom divided equally between them. Parkin employed Davis to work with him. The evidence is in conflict with reference to who was responsible for payment of his wages. Parkin testified that, while he employed Davis, his wages were to be paid equally by himself and Ellis; Ellis testified that such employment and the payment therefor were the sole responsibility of Parkin. Both testified that they were not partners.

Davis earned $83 in such employment. Parkin paid him $34; the balance of his wages in the sum of $49 was not paid. Thereafter Davis made written demand under the provisions of section 45–605, I.C., for the payment of such wages and $100 attorney's fees and for thirty days' additional wages of $240 as a penalty under section 45–606, I.C. Payment was refused.

Plaintiff filed a complaint in the justice court against Sharp Parkin and Earl Ellis, co-partners doing business under the business name and style of South Highway Wrecking Yard, seeking payment against the alleged partnership for such wages, thirty days' additional wages and $100 attorney's fees, therein offering to remit all in excess of $300, the jurisdictional amount in justice court.

Upon motion of Ellis, the case was moved to the probate court of Bannock County where it was tried upon the merits. Judgment was therein rendered against Parkin for $49 wages and $25 attorney's fees, and the action dismissed as to Ellis. No judgment was rendered for the additional wages.

Plaintiff appealed to the district court of Bannock County from the judgment of dismissal of Ellis only, on questions of both law and fact. Parkin did not appeal.

Upon a trial de novo in the district court before a jury, upon the same pleadings, a verdict was returned for $300 against Ellis and judgment entered. From this judgment, Ellis appealed.

Numerous errors are assigned and contentions urged by Ellis and counter contentions by Davis. However we will only treat and consider those propositions which are essential and decisive to a proper determination of the matter.

In the trial in the district court Davis sought a judgment against Ellis only. While the case was tried upon the same pleadings as in the probate court wherein it was sought to jointly hold Parkin and El-

lis, the case in the district court was tried upon the theory that Ellis was liable either jointly or severally or jointly and severally for $300, whether based upon a partnership relationship or some other like relationship; the instructions to the jury embodied all such theories.

■ On a trial de novo the jurisdiction of the district court on appeal from the probate or justice court is purely derivative and upon appeal the law affords appellant a trial de novo only. Section 17-103, I.C. Trial de novo as used in the statute has been defined as trying anew of an issue or issues that have been previously tried. Albinola v. Horning, 39 Idaho 515, 227 P. 1054; Zimmerman v. Bradford-Kennedy Co., 14 Idaho 681, 95 P. 825. See also 51 C. J.S., Justices of the Peace, § 188, subd. (b), page 336.

On a trial de novo the issues cannot be changed but the case must be tried in the appellate court upon the issues which were presented in the court below. Obermeyer v. Kendall, 38 Idaho 283, 220 P. 751; In re Christensen's Estate, 15 Idaho 692, 99 P. 829. See also Bowling v. Lewis, 228 Mo. App. 618, 71 S.W.2d 503; Bauman v. Bittner, 152 Pa.Super. 628, 33 A.2d 273; 51 C. J.S., Justices of the Peace, § 141, page 264; although amendments to the pleadings are allowed provided the cause of action is not changed. 51 C.J.S., Justices of the Peace, § 191, page 338; 5 C.J.S., Appeal and Error, § 1530, page 259; 31 Am.Jur., sec. 126, p. 775. See also Albinola v. Horning, supra.

■ Under the appropriate statute it is permissible to appeal, both on questions of fact and law, from a part of the judgment only. Section 17-101, I.C. However where the trial in the justice court or the probate court results in a judgment against one defendant and in favor of another, upon an alleged joint liability, plaintiff's appeal brings the whole case to the appellate court and the defendant against whom the plaintiff recovered judgment is entitled to participate. A. Kron Livery & Undertaking Co. v. Weaver, Mo.App., 280 S.W. 54. In this case the plaintiff undertaker brought an action against the wife of decedent and a third party to recover for services rendered in connection with the burial of decedent wherein plaintiff in effect alleged and claimed that they were jointly liable to him for the account. In the justice court plaintiff recovered judgment against decedent's wife only. From this judgment plaintiff appealed to the district court for a trial de novo. A trial before a jury resulted in a verdict and judgment against the third party and in favor of decedent's wife. The third party on the trial de novo objected to the participation of the attorney of the widow in the trial on the ground she was not a party defendant on appeal and that the judgment in the justice court was in favor of the plaintiff as against her; that the

plaintiff's appeal did not bring the case to the circuit court for trial anew as to her. The trial judge rejected such contention and on appeal from an order granting a new trial the supreme court sustained the lower court and had this to say:

"There was but one judgment in the justice court. The plaintiff, being dissatisfied with this judgment, appealed to the circuit court. His appeal brought the whole case to the circuit court for trial anew."

Additionally, in this case the court stated with reference to the nature of the liability of the two defendants:

"* * * we think the statement (pleadings) sufficiently shows a joint liability on the part of the defendants. It shows that both defendants promised to pay for identically the same services; that both agreed to become primarily liable for such payment; that both undertook the performance of the same obligation. In the absence of a contrary showing, the undertaking is presumed to be joint. Hill v. Combs, 92 Mo.App. 242. We construe the statement as declaring upon the joint undertaking of both defendants to pay for the services which the plaintiff undertook to render."

The rule above stated with respect to joint liability conforms to the rule as set forth in the Restatement of the Law of Contracts, Vol. 1, sec. 112, p. 131, as follows:

Except as qualified by Sec. 115 (A Promise in the First Person Singular Signed by Several Persons) and by Sec. 116 (Joint Indorsers) "where two or more parties to a contract promise the same performance to the same promisee they incur only a joint duty unless the contrary is stated, or unless the terms of the promise or the extrinsic circumstances indicate an intention on their part to be bound severally, or jointly and severally. The fact that one promisor is under a duty to the other to perform the promise * * * does not prevent their duty from being joint."

Upon appeal by one of the parties to the district court from the probate court or justice court the trial is de novo; it has been held that the effect of the appeal is to annul the judgment of the probate or justice court in its entirety and operates to transfer the whole controversy as to all issues and all parties; otherwise there could not be a trial de novo. Speed v. Sawyer, Tex.Civ.App., 88 S.W.2d 556.

In the above case the action was instituted to recover rents and for forcible entry and detainer. A judgment was rendered for rent but the tenant prevailed on the matter of forcible entry and detainer. The tenant appealed from the judgment for

rent. The landlord did not appeal. On these basic facts the above court held that such appeal automatically transferred the whole matter, both as to issues and parties, to the court for trial de novo.

■ We hold that the appeal of the case at bar brought the whole case to the district court for trial de novo, which was not had.

Accordingly, Instructions Nos. 6, 7, 9 and 13, attacked by appellants, should be re-framed to comprehend and encompass the possible and contingent liabilities, joint and/or several, of both defendants if, and as, such theories of liability are supported by the evidence. Cf. McIntyre v. Montana Gold Mountain Mining Co., 41 Mont. 87, 108 P. 353.

Instruction No. 10, to be accurately complete, should have contained the elements of intent and agreement or estoppel. Sections 53–307 and 53–316, Idaho Code; 68 C.J.S., Partnership, §§ 19, 20, pages 431, 432.

Instruction No. 12 is not pertinent to or justified by the record before us.

It follows that the judgment is reversed and the cause remanded with directions to grant a new trial both as to all issues and all parties.

Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.