300 P.2d 488

STATE of Idaho, Plaintiff-Appellant,

v.

Richard POWAUKEE, Defendant-Respondent.

No. 8324.

Supreme Court of Idaho.

Aug. 2, 1956.

258

Graydon W. Smith, Atty. Gen., J. R. Smead, Asst. Atty. Gen., Wynne M. Blake, Pros. Atty., Lewiston, for appellant.

Leo McCarty, Lewiston, for respondent.

SMITH, Justice.

Respondent was tried in the Nez Perce County probate court on a criminal complaint charging a misdemeanor, viz., that in Nez Perce County, January 27, 1954,

"the crime of illegally possessing game during a closed season was committed, to-wit: by Richard Powaukee, who then and there did wilfully, intentionally, and unlawfully have in his possession game to-wit, a deer carcass, during the closed season for such game."

He was adjudged guilty of the offense and, from the judgment of conviction entered against him, appealed to the district court on both questions of law and fact.

The district court, at the conclusion of a jury trial de novo, deeming the evidence insufficient to justify a conviction, advised the jury to acquit respondent; also further advised the jury that they were not bound to follow the court's advice. The jury thereupon returned a verdict of not guilty.

Respondent's defense consisted of his uncontroverted proof to the effect that he is a Nez Percé Indian, a duly enrolled member of the Nez Percé tribe, residing on the Nez Percé Indian Reservation. He contended that, being a Nez Percé Indian, he was not and could not be guilty of the offense as charged in the criminal complaint.

Appellant during the trial in the district court, by appropriate motions, which the court denied, sought to amend as well as to file a substitute for the criminal complaint (appellant citing I.C., §§ 19–3902 and 19–1420 as its authority), the charging part then to read:

"the crime of possessing game during a closed season was committed, to-wit, by Richard Powaukee, a Nez Percé Indian, who then and there did wilfully, knowingly and unlawfully have in his possession game, to-wit, a deer carcass, during the closed season for such game, said game having been taken and killed upon privately owned lands, to-wit, lands of Phil Barr, and not having been taken upon open and unclaimed lands. * * *"

Appellant thereby sought to interpose issues additional to the issue of unlawful possession alleged in the criminal complaint, i. e., the taking and killing of the game upon privately owned lands and not upon open and unclaimed lands, by respondent a Nez Percé Indian. Appellant thereby attempted to charge a different offense than the one for which respondent was tried in the probate court.

Appellant has assigned error of the trial court in refusing to permit amendment of

the criminal complaint or the filing of the tendered substitute complaint.

I.C. § 19–1420 authorizes the prosecuting attorney to amend an indictment or information without leave of court, at any time before the defendant pleads and at any time thereafter, in the court's discretion, where such can be done without prejudice to the defendant's rights, provided that an offense be not thereby charged other than that for which the defendant has been held to answer.

■■ The issues attempted to be interposed by appellant during trial, had the district court allowed the same, would have resulted in distinct advantages to appellant in that such would have injected new issues which were not tried in the probate court, prejudicial to the substantial rights of respondent. The trial judge properly ruled that such proposed amendments to the criminal complaint or the filing of the proposed substitute complaint could not be done without prejudice to respondent's rights, and properly refused the proffered amendments and substitution.

While I.C. § 17–103 provides that upon appeal from probate or justice's court on questions of fact or both law and fact, the action must be tried anew in the district court, nevertheless trial anew or de novo implies and signifies the trying anew of only those issues that have been previously tried. Zimmerman v. Bradford-Kennedy Co., 14 Idaho 681, 95 P. 825; Gaiser v. Steele, 25 Idaho 412, 137 P. 889; Albinola v. Horning, 39 Idaho 515, 227 P. 1054. No trial of any issue of fact may be had on the appeal where there has been no trial of such issue of fact in the court below. In re Christensen's Estate, 15 Idaho 692, 99 P. 829; First Nat. Bank v. Drew, 37 Idaho 470, 216 P. 1034. The rule is stated in Davis v. Parkin, 75 Idaho 266, 269, 270 P.2d 1007, 1008, as follows:

"On a trial de novo the jurisdiction of the district court on appeal from the probate or justice court is purely derivative and upon appeal the law affords appellant a trial de novo only. Section 17–103, I.C. Trial de novo as used in the statute has been defined as trying anew of an issue or issues that have been previously tried. [citations] * * *.

"On a trial de novo the issues cannot be changed but the case must be tried in the appellate court upon the issues which were presented in the court below. [citations] * * *."

■ The taking of the game under unlawful circumstances was not made an element of the offense of possession, charged in the criminal complaint. The presumption that the game was taken unlawfully by respondent by reason of his mere possession thereof during the closed season (see I.C. § 36–2308), does not attain, since

respondent, being a Nez Percé Indian, is not amenable to the closed season law in all instances. Treaty between United States and Nez Percé Indians, June 11, 1855, 12 Stat. 957; State v. Arthur, 74 Idaho 251, 261 P.2d 135.

Appellant has assigned error of the trial court in refusing to permit the introduction of evidence by appellant, and denying appellant's offer of proof, intended to show that respondent hunted and took possession of the deer upon lands which were not and never had been within the boundaries nor a part of the lands reserved by the Nez Percé Indians for themselves by the 1855 Treaty between the United States and said Indians; also intended to show that the said lands where respondent hunted and took possession of the deer, were privately owned lands and not open and unclaimed lands.

█ The trial court ruled, in view of respondent's proven lineage and the charge of possession only, that the place where occurred the hunting and taking into possession of the deer was immaterial. The ruling was correct. In other words there was no evidence adduced and none offered within the issues raised by the criminal complaint upon which to base a verdict of conviction of respondent, then and there a Nez Percé Indian.

█ Appellant assigns error of the trial court in failing to instruct the jury on all matters of law pertaining to a criminal trial to be by them followed in the event they chose not to follow the advisory verdict of acquittal; also in instructing the jury in language amounting to compulsion, that at least five of the six jurors must sign the verdict of acquittal before returning into court.

I.C. § 19–1902, which authorizes the trial of a misdemeanor charge to a jury of less than twelve, further provides that in case of a misdemeanor, "but five-sixths of the jury may render a verdict, which verdict shall have the same effect as a unanimous verdict."

The charge to the jury was proper since no evidence was adduced or offered to support a verdict of conviction of respondent of the offense as charged in the criminal complaint, he then and there being a Nez Percé Indian. The rule is stated in State v. McCarty, 47 Idaho 117, 272 P. 695, in language as follows:

"At common law the trial judge had the same right to give a peremptory instruction in a criminal proceeding that he had in a civil action. Commonwealth v. Murphy, 109 S.W. 353 [33 Ky.Law Rep. 141]. The effect of C.S., § 8963 [now I.C., sec. 19–2123], is to limit this power, not to abolish it. Where there is no evidence on which to base a verdict of guilty, it is still the right and duty of the trial court, upon

proper motion, to direct an acquittal. * * * Where, however, the evidence is merely insufficient, the court must then advise the jury to acquit, which advice the jury is not bound to follow.

"The above holding does not conflict with State v. Peck, 14 Idaho 712, 95 P. 515, and State v. Downing, 23 Idaho 540, 130 P. 461, where the question considered was not the total absence of evidence, but the insufficiency of the evidence, under C.S., § 8963 [now I.C., sec. 19–2123]."

See also State v. Adair, 70 Idaho 486, 222 P.2d 741; State v. McCallum, Idaho, 295 P.2d 259. Moreover appellant did not request any general charge or other instruction to the jury. I.C. § 19–2101, subd. 6.

Appellant maintains that this case requires an answer to the question, as appellant propounds it to be: If a member of the Nez Percé Indian tribe hunts and takes possession of a deer on privately owned land which never was within the boundaries of the original tract reserved to the Nez Percé Indians by the 1855 treaty between the United States and the Nez Percé Indians, is such Indian nevertheless proceeding lawfully regardless of his noncompliance with the game laws?

We have come to the conclusion that such question need not and should not be answered herein since its answer, whether affirmative or negative, could not affect the outcome of the case as disposed of by the district court, nor on this appeal. Its answer would be purely obiter dictum, neither involved in the case nor essential to its determination.

The judgment of acquittal is affirmed.

TAYLOR, C. J., KEETON and ANDERSON, JJ., and BAKER, D. J., concur.